Woodrow Allen, Appellant, v. Jackson County Savings & Loan Association, Respondent.—115 S. W. (2d) 7.

Kansas City Court of Appeals.   March 7, 1938.

*Amos A. Knoop* for appellant.

*Jacob L. Lorie* for respondent.

SPERRY, C.—This case was instituted before the Missouri Workmen's Compensation Commission. The plaintiff on February 4, 1936, filed a claim for compensation on account of an accident arising out of his employment, and sustained by him on September 5, 1935. He named P. L. Gardner, doing business as Gardner Plumbing & Heating Company, and the Jackson County Savings & Loan Association, as his employers. An award was made in his favor by the commission awarding him $8.67 per week for 118 weeks for total disability, and $300.00 for disfigurement. From this award the Jackson County

Savings & Loan Association appealed to the Circuit Court of Jackson County.

Gardner took no further action in the matter. The circuit court, on appeal, reversed the award made by the commission as against the Jackson County Savings & Loan Association; and from the judgment of the circuit court reversing the award of the commission the plaintiff appealed to this court.

The Jackson County Savings & Loan Association owned two pieces of residential rental property numbered 1702-1708 East 27th Street, Kansas City, Missouri. The properties were occupied by its tenants at the time of the injury to the plaintiff. It contracted with Gardner, doing business as Gardner Plumbing & Heating Company, for the installation of a new private water main from Highland Avenue at 27th Street to its properties at 1702-1708 East 27th Street. Gardner was to furnish the material and labor for laying the main and was to be paid $152.00 for the job.

Plaintiff was employed as a laborer by Gardner, and while so employed he was injured. Since the amount of the award is not in controversy it is unnecessary to set out evidence in connection with the nature of the extent of the injury. Under the view we take of the case it is unnecessary to set out evidence as to number of employees working for Gardner.

Neither Gardner nor the Jackson County Savings & Loan Association had any insurance. There is no evidence in the record that there was any existing water main to these houses, nor is there any evidence as to the business of the Jackson County Savings & Loan Association other than it owned these two houses and rented them out to tenants, and that it contracted with Gardner for this new water service.

The only question is whether or not Jackson County Savings & Loan Association is liable under the Workmen's Compensation Act.

The facts found by the commission, a synopsis of which we have set out above, are supported by the record and are binding on us. [Davis v. Moller, 75 S. W. (2d) 610, l. c. 611.] Those facts establish the further fact that Gardner was an independent contractor, which fact counsel for plaintiff orally admitted in the hearing before the commission.

We think determination of the liability of Jackson County Savings & Loan Association, hereinafter known as defendant, may be determined by construction of subsections (a) and (c), of Section 3308, Revised Statutes of Missouri 1929, which subsections are as follows:

"(a) Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their

employes, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business.

"(c) The provisions of this section shall not apply to the owner of premises upon which improvements are being erected, demolished, altered or repaired by an independent contractor but such independent contractor shall be deemed to be the employer of the employes of his subcontractors and their subcontractors when employed on or about the premises where the principal contractor is doing work."

The construction of a water service to the property of defendants was an improvement to the property, because it was "work done or things built or placed upon land, rendering it more fit for use, and more capable of producing income." [C. J. 308, note (a).] The fact that a portion of it, or all of it, was to be laid under the surface, does not take it out of the ordinary definition of improvement; for even a drain is considered an "improvement." [31 C. J. 307, and 31 C. J. 308, including note (a), *supra*.] The construction of a water service on real estate, of new material and costing $152.00, must be considered a betterment of the real estate, and, therefore, an improvement thereof.

But it is contended that the statute contemplates only such improvements as are "*erected*, demolished, altered, or repaired;" and that this subsection must be strictly construed because its effect is to take certain persons out from under the operation of the Workmen's Compensation law, which law should be liberally construed to the end and that it shall be made to include as many people as possible within its beneficient provisions. No doubt plaintiff is correct as to this latter contention in regard to the general rules of construction to be followed. We think a fair construction of the term "erected" means "constructed." The Wisconsin Supreme Court, in Kosidowski v. City of Milwaukee, 139 N. W. 187, had occasion to construe the labor law of that state, including the following provision thereof, l. c. 188: ". . . any kind in the erection, repairing, altering or painting;" . . . "a house, building or structure." That action grew out of injuries received by a workman while employed by defendant city laying water mains. The court said, l. c. 188: "The setting up of the new water main was erecting within the broad sense of the term. Such term includes any work of creating a particular thing out of parts. . . The thing worked upon, to-wit; the waterworks system, was a 'structure'. A structure may be below the surface of the ground as well as above. . . . Any artificial creation is a structure—such as a canal." Construction of a reservoir was held to be an "erection" of a building within the meaning of Section 6802 Revised Statutes of Missouri, 1919, under the theory that construction means the arrangements and union of parts. [Brackett v. James Black Masonry Construction Co., 32 S. W. (2d) (Mo.), 288, l. c. 290.]

The St. Louis Court of Appeals held subsection (c), above, exempted owners of real estate from the operation of the Workmen's Compensation Law where a building was being altered by an independent contractor. [Davis v. Muller, *supra*.] We hold that the statute exempts such owner from such liability where an independent contractor is "erecting" an improvement on real estate, under the circumstances shown here, by construction of a water service thereon.

We take judicial notice of the fact that a Savings & Loan Association is organized under the general building and loan laws of Missouri and that it's chief business is the loaning of money on real estate security. The repossession, rental and improvement of property is merely incidental to its main business.

The judgment is affirmed. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.