CONTINENTAL INSURANCE COMPANY, a/k/a The Continental Corporation, Plaintiff-Appellant, v. WALSH CONSTRUCTION COMPANY OF ILLINOIS *et al.*, Defendants-Appellees.

First District (4th Division)   No. 86—0337

Opinion filed May 26, 1988.

Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago, and Johnson, Gross, Densborn & Wright, of Indianapolis, Indiana (Douglas Palandech and David E. Wright, of counsel), for appellant.

Callahan, Fitzpatrick, Hirst & LaKoma, of Oak Brook (Matthew W. LaKoma, of counsel), for appellee Shea-Kiewit.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller and Baker & McKenzie, both of Chicago (Kevin R. Side and Frank Morrissey, of counsel), for other appellees.

JUSTICE McMORROW delivered the opinion of the court:

Plaintiff Continental Insurance Company filed suit for damages caused to its building allegedly resulting from negligent services provided by defendants in the engineering and construction of an underground sewer system for the Metropolitan Sanitary District of Greater Chicago (the District) adjacent to plaintiff's property. The trial court found that plaintiff's complaint, filed almost five years after the damage to its property occurred, was barred by a two-year

statute of limitations for actions "against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property." Ill. Rev. Stat. 1983, ch. 110, par. 13—214(a).

Plaintiff appeals, arguing that its cause of action is governed by the five-year limitation to recover damages for an injury to property (Ill. Rev. Stat. 1983, ch. 110, par. 13—205) rather than the two-year limitation period of section 13—214(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—214(a)). Plaintiff argues that since it filed suit within the five-year period, the action was timely filed and should not have been dismissed. Plaintiff urges that the two-year limitation in section 13—214(a) is not intended to be applicable to suits for damage to property of adjacent landowners and is inapplicable to this case because the work performed on the District's underground sewer system did not amount to an "improvement to real property." Plaintiff also asserts that the two-year statute of limitations is invalid because it violates the Illinois constitutional guarantee of equal protection and the right to a legal remedy for an injury to property.

We hold that section 13—214(a) governs plaintiff's cause of action and suffers no constitutional infirmity and therefore affirm the trial court's finding that the action is barred by the two-year statute of limitations.

BACKGROUND

In 1979, the District undertook to build the "Tunnel and Reservoir Plan, Main Stream Tunnel System" (the Deep Tunnel project) to catch combined-sewer overflows which had been running into rivers and flooding homes in the Chicago metropolitan area. Defendants provided engineering and construction services for certain parts of the Deep Tunnel project. During excavation and construction, the electrical vault on plaintiff's property shifted, pulled away from plaintiff's building, and caused plaintiff to suffer an electrical power loss for 17 days beginning on or about November 30, 1979.

Almost five years later, on November 20, 1984, plaintiff filed suit alleging, *inter alia*, that the defendants' negligence in providing construction and engineering services for the Deep Tunnel project caused the plaintiff's power loss and resulting interruption of plaintiff's business. Certain defendants, appellees here, motioned for summary judgment (Ill. Rev. Stat. 1983, ch. 110, par. 2—1005) on the ground that plaintiff's suit was barred by the two-year limitation period for actions "against any person for an act or omission of such person in

the design, planning, supervision, observation or management of construction, or construction of an improvement to real property." (Ill. Rev. Stat. 1983, ch. 110, par. 13—214(a).) Another defendant, also appellee here, relied upon this statute of limitations defense as ground to dismiss the complaint. Ill. Rev. Stat. 1983, ch. 110, par. 2—619.

Following briefing and argument, the trial court allowed the defendants' motions and found no just reason to delay enforcement of or appeal from its ruling. It later denied plaintiff's motion to reconsider and plaintiff appeals.

OPINION

I

Plaintiff argues first that section 13—214(a)'s two-year statute of limitations[1] does not apply to its complaint against the defendants because the limitation period is not intended to apply to actions by adjacent landowners. Plaintiff contends that the limitation in section 13—214(a) applies only to suits by property owners against engineers and construction companies who provided such services for those owners' properties.

To support this interpretation of section 13—214, plaintiff indicates that an adjacent landowner cannot benefit from the extension of the limitation period provided for in the statute in the event the construction company or engineer has expressly warranted the improvement for a longer period than two years. Plaintiff also observes that legislative history indicates the General Assembly intended that once the limitation period expired, the section will "leave any responsibility for negligence solely on the owners of the buildings." (81st Ill. Gen. Assem., House Proceedings, October 16, 1979, at 11.) Plaintiff further notes that Illinois decisions have applied section 13—214 only where the injury arose on the improved property, citing *Calumet Country Club v. Roberts Environmental Control Corp.* (1985), 136 Ill. App. 3d 610, 483 N.E.2d 613 (action by plaintiff landowner against defendant for negligent installation of water pipeline on plaintiff's property which connected building's water system to municipal water main), *Finke v. Woodard* (1984), 122 Ill. App. 3d 911, 460 N.E.2d 350 (action by buyers for defects in home), *Matayka v. Melia* (1983), 119 Ill. App. 3d 221, 456 N.E.2d 353 (action by homeowner for breach of warranty in construction of home), and *Champaign County Nursing Home v.*

---

[1]This limitation period has been subsequently amended to four years. See Ill. Rev. Stat. 1987, ch. 110, par. 13—214(a).

*Petry Roofing, Inc.* (1983), 117 Ill. App. 3d 76, 452 N.E.2d 847 (action by nursing home for negligent remodeling work); *cf. C. S. Johnson Co. v. Champaign National Bank* (1984), 126 Ill. App. 3d 508, 467 N.E.2d 363 (section 13—214 inapplicable where owner sued in capacity as landowner).

■ We do not agree with plaintiff's argument that because it is the owner of property adjacent to the area of construction, section 13—214(a) is inapplicable. Initially, we note that section 13—205, which plaintiff asserts governs its cause of action, has been held inapplicable to architects, engineers, and contractors after passage of section 13—214. (See *Champaign County Nursing Home v. Petry Roofing, Inc.* (1983), 117 Ill. App. 3d 76, 452 N.E.2d 847.) Furthermore, the clear language of section 13—214(a) militates against plaintiff's applicability argument. Section 13—214(a) unambiguously states that it governs actions "based upon tort, contract or otherwise against any person for an act or omission by such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property." (Ill. Rev. Stat. 1983, ch. 110, par. 13—214(a).) Injured parties to whom an express warranty or promise with respect to an improvement to real property has been extended are permitted to file suit within the period of the warranty or promise. (Ill. Rev. Stat. 1983, ch. 110, par. 13—214(d); see also *Stelzer v. Matthews Roofing Co.* (1987), 117 Ill. 2d 186, 511 N.E.2d 421.) Injured parties who are disabled are permitted to institute proceedings within two years following removal of the disability. (Ill. Rev. Stat. 1983, ch. 110, par. 13—214(c).) Injured parties whose claims arise out of fraudulent misrepresentations or fraudulent concealment are not governed by the two-year statute of limitations. Ill. Rev. Stat. 1983, ch. 110, par. 13—214(e).

There is nothing in section 13—214 to indicate that the General Assembly intended to create an exception for injured parties who own property adjacent to that for which construction or engineering services have been provided. Adjacent landowners acquire no rights in addition to those conferred upon owners of property which has been damaged. The circumstance that an adjacent landowner is not a contracting party or the beneficiary of an express warranty or promise does not entitle that neighboring property owner to treatment different from or preferential to that provided any other third party injured by negligent engineering or construction services. Once the appropriate limitation period has expired, the injured party may have a cause of action only against the property owner rather than those who have provided engineering or construction services. This requirement has

no relation to whether the third party is an adjacent landowner or any other injured party. Also, as plaintiff recognizes, the instant case is one of first impression, and thus we attach no particular significance to the circumstance that prior Illinois decisions have applied section 13—214 to different factual setting than those of the instant case.

■ For similar reasons we do not agree with plaintiff's claim that section 13—214(a) does not apply to its complaint because the Deep Tunnel project did not connect to the plaintiff's property. We find nothing in the plain language of the statute to indicate that the scope of section 13—214(a) is limited only to those parties whose property is improved by or connected to construction and design services performed on their property. As a public works improvement, no increase in value to, or use of, plaintiff's property need be shown.

## II

Plaintiff asserts that section 13—214(a) does not apply to its complaint against the defendants because the Deep Tunnel project is not an "improvement to real property" as contemplated by the legislature, but rather is merely an extension of the Sanitary District's distribution system. Plaintiff argues that the Deep Tunnel project is an extension of the distribution system because the project was no more than the installation of additional equipment owned and maintained by the District. Thus plaintiff contends that the project is similar to the erection and replacement of public utility electrical lines and related equipment which, plaintiff asserts, have been held to fall outside the scope of "improvements to real property" in other jurisdictions. See *Turner v. Marable-Pirkle, Inc.* (1977), 238 Ga. 517, 233 S.E.2d 773; *Atlanta Gaslight Co. v. City of Atlanta* (1981), 160 Ga. App. 396, 287 S.E.2d 229.

■■ An "improvement" is an addition to real property amounting to more than a mere repair or replacement, and which substantially enhances the value of the property. [Citations.]" (*Calumet Country Club v. Roberts Environmental Control Corp.* (1985), 136 Ill. App. 3d 610, 613, 483 N.E.2d 613, 616.) We conclude that the Deep Tunnel project is an "improvement to real property" under section 13—214(a). Plaintiff's complaint indicates that the project is a major undertaking to create and construct a sophisticated underground tunnel system for flood control and sewer distribution purposes. Plaintiff does not argue, and the record does not support a contention, that the Deep Tunnel project was a mere repair or replacement of parts of the existing sewer system.

The decision in *Calumet Country Club v. Roberts Environmental Control Corp.* (1985), 136 Ill. App. 3d 610, 483 N.E.2d 613, supports the interpretation that the construction involved in the instant case is an improvement under section 13—214(a). In *Calumet*, plaintiff sought recovery for property damages occasioned by the alleged failure of a piping connection sold and installed by defendant. The piping was to connect the municipal water supply pipe to the water supply pipe of plaintiff's clubhouse. The property damage occurred when the piping connection allegedly became separated and flooded the basement and first floor of the clubhouse. On appeal from the trial court's dismissal of the complaint, the appellate court stated that if the piping connection amounted to a "substantial new addition" to the property, it would be an improvement within the meaning of section 13—214(a). Because the record did not reflect whether the piping was in fact a substantial new addition, or merely a repair or replacement, the reviewing court held that dismissal of the complaint was premature. The court observed that "[i]f, on remand, the piping connection is properly established to be an improvement, dismissal would be proper at that time." 136 Ill. App. 3d at 613, 483 N.E.2d at 616.

Cases from other jurisdictions further demonstrate that the creation and construction of a sophisticated sewer distribution system constitutes an "improvement to real property," notwithstanding the circumstance that the sewer system falls within the scope of a public works project. (See, *e.g., Allen v. Jackson County Savings & Loan Association* (1938), 232 Mo. App. 1098, 115 S.W.2d 7 (public water main); see also Ill. Rev. Stat. 1985, ch. 24, par. 9—3—2 (municipal water main recognized as an improvement to real property); 81st Ill. Gen. Assem., House Proceedings, May 25, 1979, at 30-31 (bridges noted as improvements to real property).) To the extent that the cases cited by plaintiff may be contrary to this conclusion, we decline to apply their rationale to the case at bar.

### III

■ Plaintiff argues that section 13—214 violates equal protection (Ill. Const. 1970, art. I, §2) because it limits the liability of builders while denying such protection to owners and suppliers. In *People ex rel. Skinner v. Hellmuth, Obata & Kassabaum, Inc.* (1986), 114 Ill. 2d 252, 500 N.E.2d 34, the Illinois Supreme Court upheld the constitutionality of section 13—214 when challenged on the ground that it amounts to prohibited special legislation. The Supreme Court noted that "the standards used to evaluate special legislation under the Illinois Constitution are the same standards applicable to equal protec-

tion claims." (114 Ill. 2d at 259.) In light of the court's decision in *Hellmuth*, we determine that section 13—214 does not violate equal protection. See also *Blackwood v. Rusk* (1986), 148 Ill. App. 3d 868, 871-73, 500 N.E.2d 69; *C. S. Johnson Co. v. Champaign National Bank* (1984), 126 Ill. App. 3d 508, 510-11, 467 N.E.2d 363; *Matayka v. Melia* (1983), 119 Ill. App. 3d 221, 225, 456 N.E.2d 353.

■ Plaintiff also contends that section 13—214 is unconstitutional because it unreasonably abolishes a legal remedy for an injury to property. (Ill. Const. 1970, art. I, §12.) In this regard plaintiff asserts that the 12-year statute of repose in section 13—214(b) denies an injured party any remedy 12 years after the negligent act or omission. However, plaintiff has no standing to raise this issue, since its complaint was dismissed on the basis of the two-year limitation period of subsection (a), not the 12-year repose period stated in subsection (b). See generally, *e.g., Illinois Gamefowl Breeders Association v. Block* (1979), 75 Ill. 2d 443, 451, 389 N.E.2d 529.

■ Inasmuch as the decision of the Illinois Supreme Court in *Elg v. Whittington* (1987), 119 Ill. 2d 344, 518 N.E.2d 1232 (timely post-trial motion does not toll or extend time for filing of notice of appeal where trial court's final order makes finding in accordance with Supreme Court Rule 304(a)), applies prospectively to notices of appeal filed or due to be filed on or after November 16, 1987 (119 Ill. 2d at 359), the plaintiff's notice of appeal of February 1986 was timely filed and conferred appellate jurisdiction upon this court. See, *e.g., Marathon Finance Co. v. Pioneer Bank & Trust Co.* (1988), 168 Ill. App. 3d 148.

For the reasons stated, the orders of the circuit court of Cook County are affirmed.

Affirmed.

JIGANTI, P.J., and JOHNSON, J., concur.