COMMONWEALTH EDISON COMPANY, Plaintiff-Appellant, v. WALSH CONSTRUCTION COMPANY, Defendant-Appellee.

First District (5th Division)   No. 86—1396

Opinion filed December 9, 1988.

Ian M. Sherman, of Rooks, Pitts & Poust, of Chicago, for appellant.

Lord, Bissell & Brook, of Chicago (C. Roy Peterson, Richard P. Stowell, and Diane I. Jennings, of counsel), for appellee.

JUSTICE PINCHAM delivered the opinion of the court:

Plaintiff Commonwealth Edison Company (Edison) brought an action to recover for damages done to plaintiff's property by the

defendant Walsh Construction Company (Walsh) when Walsh excavated and tunnelled a portion of the Deep Tunnel Project beneath plaintiff's transformer vault. Edison's complaint was filed almost five years after the damage had occurred, and the trial court concluded that the action was barred by the statute of limitations and granted defendant's motion to dismiss plaintiff's complaint. Edison appeals.

Plaintiff, Edison, a public utility, was engaged in the business of supplying electricity to the general public in the area of Quincy Street and Wacker Drive in Chicago at which Edison owned a transformer vault used to transmit electricity. The defendant, Walsh, contracted with the Metropolitan Sanitary District of Greater Chicago (Metropolitan Sanitary District) to excavate a segment of the "Tunnel and Reservoir Plan, Main Stream Tunnel System," commonly known as the Deep Tunnel Project.

On November 29, 1979, while Walsh was performing excavation work, Walsh excavated the earth which was underneath and the under support of plaintiff's transformer vault and thereby caused damage to plaintiff's transformer vault and thereby caused damage to plaintiff's electrical equipment and transformer vault structure, which in turn caused an interruption of electrical services to an adjoining building. On January 1, 1980, Edison wrote a letter to the defendant, Walsh, about the damage Walsh caused on November 29, 1979, during Walsh's excavation on the Deep Tunnel Project. In the letter Edison notified the defendant, Walsh, of "our intent to recover damages." In the letter, Edison also estimated the "cost to repair is in excess of $175,000.00."

On October 26, 1984, Edison filed a complaint against Walsh alleging that the damage to Edison's transformer vault and electrical equipment was caused by Walsh's excavation of the Deep Tunnel Project. Defendant Walsh filed a motion to dismiss contending that the cause of action alleged in plaintiff's complaint was barred by the two-year statute of limitations of section 13—214(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—214(a)), which provides:

> "Actions based upon tort, contract or otherwise against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property shall be commenced within two years from the time the person bringing an action, or his or her privity, knew or should reasonably have known of such act or omission."

On May 7, 1986, the trial court held that Edison's complaint was

barred by the two-year statute of limitations of section 13—214(a)[1] and entered an order dismissing plaintiff's complaint with prejudice.

On appeal, Edison contends that the excavation and construction undertaken by the defendant did not involve an improvement to real property within the meaning of section 13—214(a) of the Code of Civil Procedure. Edison urges that the Deep Tunnel Project eventually would become at most an extension of the city's sewage distribution system, that section 13—214(a) of the Code of Civil Procedure was not intended to apply to adjacent landowners for damage to property, and therefore the five-year statute of limitations of section 13—205 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—205) applies. Section 13—205 of the Code of Civil Procedure provides:

> "[A]ctions on unwritten contracts, expressed or implied, or on awards of arbitration, or to recover damages for an injury done to property, real or personal *** shall be commenced within five years next after the cause of action accrued."

Edison argues that this court should exclude the excavation work of the Deep Tunnel Project from the two-year limitations period of section 13—214(a), contending that the Deep Tunnel Project is not an "improvement to real property" within the meaning of that section. Illinois law, however, is to the contrary. In *Continental Insurance Co. v. Walsh Construction Co.* (1988), 171 Ill. App. 3d 135, this court considered and rejected the precise contention raised by plaintiff herein. In *Continental,* the defendant, Walsh (the same defendant in the case at bar), did excavation and construction on the same Deep Tunnel Project, as involved herein. The earth shifted and pulled away Commonwealth Edison's electrical vault located on the property of Continental Insurance Company, which caused Continental to suffer an electrical power loss for 17 days. About five years later, as in the instant case, Continental filed suit alleging that defendant Walsh's excavation and construction on the Deep Tunnel Project caused plaintiff's, Continental's, power loss and the interruption and damages of plaintiff's business. Just as in the case at bar, defendant Walsh, in *Continental,* filed a motion to dismiss plaintiff's complaint on the ground that Continental's cause of action was barred by the two-year statute of limitations of section 13—214(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—214(a)). The trial court granted the dismissal motion.

---

[1]This limitations period has been subsequently amended to four years. See Ill. Rev. Stat. 1987, ch. 110, par. 13—214(a).

On appeal, Continental's contentions were the same as are Edison's contentions in the case at bar. Continental argued that its cause of action was governed by the five-year statute of limitations of section 13—205, to recover damages for an injury to property (Ill. Rev. Stat. 1983, ch. 110, par. 13—205), rather than the two-year statute of limitations of section 13—214(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—214(a)). Continental argued, as does Edison in the case at bar, that since its complaint was filed within the five-year statute of limitations, its suit was timely filed and should not have been dismissed. Continental further argued, as does the plaintiff here, that the two-year statute of limitations of section 13—214(a) did not apply to a cause of action for damages to property of adjacent landowners because the Deep Tunnel Project was not an improvement to real property. However, this court conversely stated:

> "We do not agree with plaintiff's argument that because it is the owner of property adjacent to the area of construction, section 13—214(a) is inapplicable. Initially, we note that section 13—205, which plaintiff asserts governs its cause of action, has been held inapplicable to architects, engineers, and contractors after passage of section 13—214. [Citation.] Furthermore, the clear language of section 13—214(a) militates against plaintiff's applicability argument. Section 13—214(a) unambiguously states that it governs actions 'based upon tort, contract or otherwise against any person for an act or omission by such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property.' (Ill. Rev. Stat. 1983, ch. 110, par. 13—214(a).)
> ***
> There is nothing in section 13—214 to indicate that the General Assembly intended to create an exception for injured parties who own property adjacent to that for which construction or engineering services have been provided. Adjacent landowners acquire no rights in addition to those conferred upon owners of property which had been damaged." (Emphasis added.) Continental Insurance Co., 171 Ill. App. 3d at 139.

The court then held:

> "[W]e do not agree with plaintiff's claim that section 13—214(a) does not apply to its complaint because the Deep Tunnel project did not connect to the plaintiff's property. We find nothing in the plain language of the statute to indicate that the scope of section 13—214(a) is limited only to those parties

*whose property is improved by or connected to construction and design services performed on their property."* (Emphasis added.) 171 Ill. App. 3d at 140.

In urging a contrary result in the instant case, Edison relies primarily on two Georgia cases, *Atlanta Gas Light Co. v. City of Atlanta* (1981), 160 Ga. App. 396, 287 S.E.2d 229, and *Turner v. Marable-Prikle, Inc.* (1977), 238 Ga. 517, 233 S.E.2d 773, which hold that gas lines and electrical service are not improvements to real property. Those decisions, however, are contrary to the holding of *Continental Insurance Co. v. Walsh Construction Co.* (1988), 171 Ill. App. 3d 135. Edison also cites *Patraka v. Armco Steel Co.* (D. Pa. 1980), 495 F. Supp. 1013, for the proposition that Walsh's tunnel excavation, as distinguished from the completed sewer, was not an improvement to real estate. Edison's argument, however, mischaracterizes the holding in *Patraka*. That decision involved, not the definition of an "improvement," but a determination of when the limitations period commenced under a statute which provided that no action could be brought more than 12 years after completion of the improvement.

In *Patraka*, the plaintiff was in an automobile accident which was allegedly caused by defects in the subbase westbound lanes of interstate highway 80 in Carbon County, Pennsylvania. Plaintiff filed an action to recover damages for the injuries he sustained in the accident. The defendant moved for summary judgment on the ground that the plaintiff's cause of action was barred by the Pennsylvania statute of limitations (Pa. Stat. Ann. tit. 12, §65.1 *et seq.*), which provided that an action to recover damages for personal injuries arising out of a deficiency in the construction of an improvement to real property could not be brought more than 12 years after the completion of the improvement. The Pennsylvania statute of limitations further provided, however, that where the personal injuries were caused by the construction defect during the twelfth year after completion of the improvement, an action to recover damages for said injuries could be brought within two years after the date on which the injuries were sustained.

An issue in *Patraka* was whether the subbase of the interstate highway was an improvement to the real property within the intendment of the act. If the subbase of the highway was an improvement to real property, then the plaintiff's cause of action was barred because the accident in which he was injured occurred more than 12 years after the highway was completed and the two-year extension thereafter provided under Pa. Stat. Ann. tit. 12, §65.2. On the other

hand, if the improvement of the real property was the completed highway, then plaintiff's action was timely filed because it was filed within two years after the highway was completed. The *Patraka* court held that the limitations period began to run when the highway was completed, rather than when the subbase of the highway was completed. *Patraka*, on which Edison relies in the case at bar, however, involves an entirely different statute and issue than those which are involved in the case at bar.

■■ ■ Where the language of a statute is plain and unambiguous, it is enforced as written, and the courts "cannot read into a statute words which are not within the plain intention of the legislature as determined from the statute itself." (*People ex rel. Daley v. Nine Thousand Four Hundred & Three Dollars* (1985), 131 Ill. App. 3d 188, 191, 476 N.E.2d 80, 82; *In re Estate of Cohen* (1983), 112 Ill. App. 3d 265, 445 N.E.2d 391.) In the instant case, section 13—214(a) quite clearly and unambiguously bars all "[a]ctions based upon tort *** against any person for an act or omission *** in the *** construction of an improvement to real property" which are not commenced "within 2 years from the time the person bringing an action *** knew or should reasonably have known of such act or omission." (Ill. Rev. Stat. 1983, ch. 110, par. 13—214(a).) Nevertheless, Edison asks this court to rewrite the section so that it bars only actions brought by the owner of the property on which the improvement is constructed and not actions brought by third parties. The plain language of section 13—214 leaves no room for Edison's proposed judicial amendment under the guise of statutory construction.

In construing a statute, courts seek to determine the legislative intent from the language of the statute, as well as the purpose of the statute, and the legislative debates on the statute. (*Village of Lombard v. Pollution Control Board* (1977), 66 Ill. 2d 503.) The legislature's intent that the limitations period of section 13—214 apply to actions by injured third parties, regardless of who owned the property on which the cause of action and injury occurred, is evident from the legislative debates during the enactment of the statute. The entire focus of that debate (81st Ill. Gen. Assem., House Proceedings, May 25, 1979) was section 13—214's effect on actions by injured third parties against persons involved in the construction of improvements to real property. Both the broad language used in the section, encompassing all "actions based on tort, contract or otherwise," as well as the purpose of the statute, evidenced by its legislative history, leave no doubt that the legislature intended the limitation provision of section 13—214 to apply to both the property owner

and third parties for their injury and damages. Accordingly, the trial court properly ruled that Edison's claim for damages arising from an act or omission in the construction of an improvement to real property was barred by the two-year limitation of section 13—214(a).

Edison also argues that the applicable statute is section 13—205, which provides a five-year statute of limitations for actions to recover damages for an injury to property, and not the specific provision of section 13—214(a), which provides a two-year period within which to file an action to recover damages for an injury caused by an act in the "construction of an improvement to real property." We disagree.

■■ It is well established that where there are two statutory provisions, one of which is general and designed to apply generally, and the other is specific and relates to only one subject, the specific provision must prevail and must be treated as an exception to the general provision. (*Natural Products Co. v. County of Du Page* (1924), 314 Ill. 74.) Section 13—205 (Ill. Rev. Stat. 1985, ch. 110, par. 13—205) applies generally to actions "to recover damages for an injury done to property real or personal," regardless of the type of activity giving rise to the injury, whereas section 13—214(a) applies specifically to "actions *** for an action or omission *** in the *** construction of an improvement to real property" (Ill. Rev. Stat. 1985, ch. 110, par. 13—214(a)). Accordingly, under accepted principles of statutory construction, section 13—214(a) is controlling in the instant case and constitutes an exception to the general provisions of section 13—205.

We adhere to *Continental* and based thereon we further conclude that the other contentions raised by Edison do not merit discussion. The order of the trial court dismissing Edison's complaint is affirmed.

Affirmed.

LORENZ, P.J., and MURRAY, J., concur.