KAREN CATES, Indiv. and as Special Adm'x of the Estate of Ronald D. Cates, Deceased, Plaintiff-Appellee, v. HUNTER ENGINEERING COMPANY, Defendant-Appellant (The Salem Valve/The Oil Gear Company, Defendant).

Third District   No. 3—89—0516

Opinion filed November 30, 1990.

BARRY, J., dissenting.

Roger L. Taylor, of Kirkland & Ellis, of Chicago (David T. Erie, of counsel), for appellant.

Louis L. Bertrand, of Anthony C. Raccuglia & Associates, of Peru, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

Pursuant to Supreme Court Rule 308(a) (107 Ill. 2d R. 308(a)), the defendant, Hunter Engineering Company, has been granted leave to appeal from an order denying its motion to dismiss a negligence cause of action brought by the plaintiff, Karen Cates.

The defendant designed, built, and provided installation assistance for a cold rolling mill at the Alumax Mill Products plant in Morris, Illinois, in 1967. In September of 1984, the plaintiff's husband was killed in an accident at the plant involving the cold rolling mill. The plaintiff's complaint alleged, *inter alia*, a theory of product liability in count I and, in count II, that defendant was negligent in the design, assembly, manufacture, distribution and/or sale of the cold rolling mill, which was characterized as a machine.

The defendant's motion to dismiss the product liability count was granted and is not involved in this appeal. The trial court denied the motion to dismiss the negligence count and stated the issue for review as follows:

"Whether a cause of action based on negligence, brought more than 10 years after the defendant's alleged acts or omissions in the defendant's design and building of, and providing installation assistance for, a cold rolling mill that was installed in a newly-constructed aluminum sheet mill, is barred by Ill. Rev. Stat., ch. 110, par. 13—214(b) which provides:

'No action based upon tort, contract or otherwise may be brought against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property after 10 years elapsed from the time of such act or omission.' "

The question on appeal is whether the defendant has met its burden of establishing that the cold rolling mill is an improvement to real property within the meaning of the statute of repose for construction activity. We note that, in her complaint, the plaintiff characterized the cold rolling mill as a "machine," but this assertion is not a part of the certified question of law in the instant appeal.

An "improvement" is an addition to real property amounting

to more than mere repair or replacement, and which substantially enhances the value of the property. (*Calumet Country Club v. Roberts Environmental Control Corp.* (1985), 136 Ill. App. 3d 610, 613, 483 N.E.2d 613, 616.) The defendant argues that the cold rolling mill was an improvement to real property within the meaning of section 13—214(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 13—214(b)) because it was an integral part of the manufacturing process in the plant since it was one of three rolling mills used to produce sheet aluminum, that it was permanently installed, and that it increased the value of the real property.

In reply, the plaintiff principally relies on *Calumet Country Club* to support her argument that the record is insufficient for the trial court to determine whether the cold rolling mill was an improvement to real property. In that case, however, there is no indication that the defendant presented any affirmative matter in support of its argument. Indeed, the court noted that if, on remand, the defendant presents evidence that the piping connection at issue amounts to an improvement in real property, then dismissal would be proper. *Calumet Country Club v. Roberts Environmental Control Corp.* (1985), 136 Ill. App. 3d 610, 613, 483 N.E.2d 613, 616.

■ In the instant case, in contrast to *Calumet Country Club*, the record contains the affidavit of Clarence Moser, the president of Hunter Engineering, in which he states that the defendant designed, built, and assisted in the installation of the cold rolling mill, one of three rolling mills in the newly constructed Alumax aluminum sheet mill in Morris. Moser also states that the defendant also furnished American Metal Climax/AMAX with installation assistance for the cold rolling mills at the Morris plant by providing an erector, an individual who supplied advice concerning the erection of the cold rolling mill. We, therefore, find *Calumet Country Club* readily distinguishable from the instant case.

The plaintiff also asserts that these cases generally are not decided on a motion to dismiss. The case law reveals, however, that in *Continental Insurance Co. v. Walsh Construction Co.* (1988), 171 Ill. App. 3d 135, 524 N.E.2d 1131, and *Commonwealth Edison Co. v. Walsh Construction Co.* (1988), 177 Ill. App. 3d 373, 532 N.E.2d 346, the respective courts were presented with essentially the same issue as that presented in the instant case. In both cases, significantly, the court affirmed the trial court's granting the defendant's motion to dismiss.

We conclude that the installation of the cold rolling mill was more than a "mere repair or replacement." This addition to the plant sub-

stantially enhanced the value of the real property and, therefore, constitutes an improvement to real property under section 13—214(b). Ill. Rev. Stat. 1989, ch. 110, par. 13—214(b).

For this reason, the judgment of the circuit court of La Salle County is reversed.

Reversed.

HEIPLE, P.J., concurs.

JUSTICE BARRY, dissenting:

In my view the decision in *Calumet Country Club v. Roberts Environmental Control Corp.* (1985), 136 Ill. App. 3d 610, 483 N.E.2d 613, is controlling in the instant case and, therefore, I must dissent.

The majority distinguishes the *Calumet Country Club* decision on the ground that here defendant relied upon the affidavit of Clarence Moser while in *Calumet Country Club* there was no indication of any supporting affidavits. This distinction overlooks the fact that the Moser affidavit contains no facts supporting a conclusion that the cold rolling mill was an improvement to real property. Moser does not describe the cold rolling mill or its relationship to the plant of which it is a part. There is no evidence of its permanence, its construction, its method or extent of attachment to the building in which it is located, or the value of the building before and after the mill was installed. In other words, nothing in the record supports the conclusion of the majority. Mere statements of defendant's counsel in written and oral argument are not evidence that the cold rolling mill is an improvement to real estate as contemplated by section 13—214(b).

Defendant relies upon *Hilliard v. Lummus Co.* (7th Cir. 1987), 834 F.2d 1352, where a screw conveyor installed in a cocoa processing plant was held to be an integral component of the cocoa processing system and central to the operation of the entire plant; hence, the conveyor was an improvement to real property within the meaning of section 13—214(b). The court specifically ruled that the definitions used in fixture law do not apply under section 13—214(b) so that a determination of the permanence of attachment is not necessary for a finding that a structure is an improvement. The court distinguished cases where the defendant had only manufactured a piece of equipment to be installed on real property from those where the defendants designed and constructed general improvements to the property. In *Hilliard*, the trial court had entered summary judgment for the defendant, and the circuit court of appeals affirmed. Under the rea-

soning of the *Hilliard* case, the question in the case at bar would be whether the cold rolling mill is an integral component of the entire plant or whether it is a piece of equipment placed in the plant to perform a particular function.

Defendant also cites *Continental Insurance Co. v. Walsh Construction Co.* (1988), 171 Ill. App. 3d 135, 524 N.E.2d 1131, where the trial court entered summary judgment for defendant upon a finding that plaintiff's action for damages caused to its building by the allegedly negligent services of defendant was barred because the underground tunnel system for sewer purposes constructed by defendant was not a mere repair but was an improvement to real estate.

In *Hilliard v. Lummus Co.* and in *Continental Insurance Co. v. Walsh Construction Co.* and other cases cited by defendant, the trial courts had sufficient evidence in the record to determine the nature of the construction work in question. In the case at bar, the trial court did not. At this stage of the litigation, before any discovery, I would hold that the trial court correctly denied the motion to dismiss.