THOMAS KLEIST *et al.*, Plaintiffs-Appellants, v. METRICK ELECTRIC COMPANY, INC., Defendant-Appellee (Lakehurst Center Management Corporation *et al.*, Defendants).

First District (5th Division) No. 1—89—1750

Opinion filed April 5, 1991.

John C. Bulger and Michael D. Mulvihill, both of Cooney & Conway, of Chicago, for appellants. ˙

Lee J. Schoen, of Schoen & Smith, Ltd., of Chicago, for appellee.

JUSTICE McNULTY delivered the opinion of the court:

The facts of this case are not in dispute. In the early 1970's, defendant Metrick Electric Company (Metrick) installed an electrical system including an electrical box during the new construction of Lakehurst Shopping Center. On December 4, 1987; the electrical box exploded and a fire ensued. Plaintiff Thomas Kleist, who was working near the electrical box when it exploded, received serious injuries, including burns over most of his body. The original complaint named multiple defendants, including Metrick. Counts III and IV, directed against Metrick, allege that it negligently installed the electrical box that exploded, resulting in injury to Thomas Kleist. The complaint also contained a loss of consortium count against Metrick on behalf of Kathleen Kleist because of her husband's injuries.

██ Metrick filed a motion for involuntary dismissal based on section 2—619(a)(5) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(5)). In that motion it asserted that the electrical system and electrical box were improvements to real property. Therefore, plaintiffs' cause of action was barred by the 10-year statute of limitations contained in section 13—214(b) (Ill. Rev. Stat. 1985, ch. 110, par. 13—214(b)), which states:

"No action based upon tort, contract or otherwise may be brought against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property after 10 years have elapsed from the time of such act or omission ***."

Metrick's motion was accompanied by an affidavit which stated that Metrick had not done any work at the Lakehurst Shopping Center subsequent to December 3, 1977.

On October 24, 1988, plaintiffs filed their response to the motion to dismiss asserting that the electrical box was not an improvement to real property and, therefore, section 13—214(b) did not apply. On December 7, 1988, the court denied Metrick's motion without preju-

dice because the motion and affidavits did not show that the electrical box was an improvement.

In March 1989, Metrick renewed its motion to dismiss. The affidavit accompanying this motion stated that the electrical system and electrical box were installed during new construction of the Lakehurst Shopping Center in 1971 and 1972. An amended affidavit was subsequently filed by Metrick reiterating the foregoing statement, identifying photographs attached to the affidavit which depicted the electrical equipment including the box that caught fire, and stating that all of the equipment in the photographs was installed during the new construction in 1971 and 1972. Plaintiffs continued to assert that the electrical box was not an improvement to real property subject to the statute of limitations set forth in section 13—214(b).

On May 30, 1989, the court granted Metrick's motion to dismiss with prejudice on the ground that the electrical system of which the electrical box was a part was an improvement to real estate, and, thus the claim was time barred pursuant to section 13—214(b) set forth above. This appeal followed pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)).

Plaintiffs concede that an electrical system or network would be considered an improvement to real property. The electrical box was installed as a component of the electrical system at the time of construction in 1971 and 1972. Plaintiffs contend, however, that they are alleging only that the electrical box was negligently installed, not the electrical system as a whole, and this distinction is critical to the outcome of this case. They allege that an electrical box is not an improvement to real property, and, therefore, the claim of time limitation set forth in section 13—214(b) of the Code of Civil Procedure is not applicable.

In support of this contention, plaintiffs rely primarily on *Calumet Country Club v. Roberts Environmental Control Corp.* (1985), 136 Ill. App. 3d 610, 483 N.E.2d 613. In *Calumet,* a landowner brought an action against a contractor seeking recovery for property damage resulting from the failure of a piping connection installed between a building's water system and a municipal water main. Defendant moved to dismiss based upon section 13—214, which the court granted. Plaintiffs assert that the reviewing court reversed and held that section 13—214 did not apply to the action. This statement mischaracterizes the holding in *Calumet.* In *Calumet,* the plaintiff filed an unverified complaint and a subsequent unverified complaint alleging negligence in the installation of the piping connection. Defendant raised section 13—214(a) as a bar to the action. The reviewing court

cited with approval the definition of an "improvement" as "an addition to real property amounting to more than mere repair or replacement, and which substantially enhances the value of the property." (136 Ill. App. 3d at 613.) The court, however, found that the dismissal was premature because the pleadings did not indicate "whether the piping connection was a substantial new addition to the building, or merely in the nature of a replacement." *Calumet*, 136 Ill. App. 3d at 613.

The reviewing court noted that the burden of establishing a statute of limitations defense is on the party asserting it. (*Stanley v. Chastek* (1962), 34 Ill. App. 2d 220, 180 N.E.2d 512.) Thus, it found that the trial court erred in dismissing count I of the action. It further stated, however, "[i]f on remand, the piping connection is properly established to be an improvement, dismissal would be proper at that time." (*Calumet*, 136 Ill. App. 3d at 613.) Therefore, the holding in *Calumet* affirms the applicability of section 13—214 if a proper showing is made that the construction item in question is an improvement to real property. See also *Cates v. Hunter Engineering Co.* (1990), 205 Ill. App. 3d 587, 563 N.E.2d 1239.

Defendant claims that this court has recently construed section 13—214(b) to include excavation in anticipation of new construction as an improvement to real property. (*American National Bank & Trust Co. v. Booth/Hansen Associates, Ltd.* (1989), 186 Ill. App. 3d 865, 542 N.E.2d 925.) In so holding it rejected the contention that *Calumet Country Club* supported the conclusion that excavation is not an improvement. The court specifically noted that this question of fact would not arise "where the construction of a building was at issue." (*American National Bank*, 186 Ill. App. 3d at 868.) In the instant case the electrical system and electrical box were installed during new construction of the shopping center in 1971 and 1972. Plaintiffs seek to distinguish this case from *American National Bank* on the ground that there was existing authority holding that an excavation prior to construction was an improvement, citing *Continental Insurance Co. v. Walsh Construction Co.* (1988), 171 Ill. App. 3d 135, 524 N.E.2d 1131, and *Commonwealth Edison Co. v. Walsh Construction Co.* (1988), 177 Ill. App. 3d 373, 532 N.E.2d 346. They state that, "in the case at bar, no such authority has been put forth by Metrick." Carried to its logical conclusion, plaintiffs would appear to contend that construction is not an improvement to real property unless a reviewing court has previously said so. This argument appears to concede, however, that what constitutes an improvement to real property within the meaning of section 13—214(b) is an issue of law for the court. If so, the trial

court is certainly the appropriate forum in which to make this initial determination. See also *Billman v. Crown-Trygg Corp.* (1990), 205 Ill. App. 3d 916, 563 N.E.2d 903 (which held that resurfacing, curbing, gutters, storm sewers, and construction of concrete medians to a highway were improvements to real property).

Finally, defendant asserts that plaintiffs' theory in this case has been specifically rejected by the Seventh Circuit Court of Appeals in *Hilliard v. Lummus Co.* (7th Cir. 1987), 834 F.2d 1352. Plaintiff contends that *Hilliard* is a Federal case, and, therefore, of no binding authority on this court. Although this assertion may be correct, the adoption of the *Hilliard* rationale by this court should be determined by its persuasiveness.

The court in *Hilliard* adopted the definition of "improvement to real property" as stated in *Calumet Country Club.* The plaintiff in *Hilliard* agreed with the court's premise, but argued that a screw conveyor was not an improvement but simply a piece of machinery easily removable from the plant premises. The court rejected this argument, stating that the screw conveyor was more than a repair or replacement because it was installed as part of the building's construction, had substantially enhanced the value of the property, was designed to produce processed cocoa, and was built as an integral component of that process.

The *Hilliard* court further stated that the appropriate focus is on whether the whole of the work done by the contractor for the owner amounts to an improvement to real property. The court then referred to three cases from other jurisdictions in which courts have emphasized that the concentration should be on the entire system installed rather than on a single component of the system. *Hilliard*, 834 F.2d at 1356.

One of the cases cited by *Hilliard*, *Mullis v. Southern Co. Services, Inc.* (1982), 250 Ga. 90, 296 S.E.2d 579, is closely analogous to the instant case. In *Mullis*, plaintiff received a serious electrical shock while painting "bushing caps" on an air circuit breaker that was installed by the defendant as part of an electrical system. Defendant asserted that the claim was time barred, based on a Georgia statute very similar to section 13—214 of the Illinois Code of Civil Procedure. Plaintiff contended that the air circuit breaker was not an improvement to real property. The court disagreed, stating:

> "The issue is whether a component of a system which is definitely an improvement to real property is an improvement to real property itself. However, to artificially extract each component from an improvement to real property and view it in

isolation would be an unrealistic and impractical method of determining what is an improvement to real property. Frequently, as in this case, an improvement to real property is going to consist of a complex system of components.

Consequently, we find that if a component is an essential or integral part of the improvement to which it belongs, then it is itself an improvement to real property. In this case, ACB 804 [the circuit breaker] is an essential part of the Plant's electrical system ***. It was part of the original contract and design concerning the system." *Mullis*, 250 Ga. at 94, 296 S.E.2d at 584.

■■ Three recent cases from the Illinois Appellate Court have approved the *Hilliard* analysis: *Cates v. Hunter Engineering Co.* (1990), 205 Ill. App. 3d 587, 563 N.E.2d 1239; *Billman v. Crown-Trygg Corp.* (1990), 205 Ill. App. 3d 916, 563 N.E.2d 903; *Cross v. Ainsworth Seed Co.* (1990), 199 Ill. App. 3d 910, 557 N.E.2d 906. Footnote six in *Hilliard* indicates that the Illinois legislature enacted section 13—214(b) of the Illinois Code of Civil Procedure to protect architectural engineering firms, general real estate contractors and subcontractors from open-ended tort liability. (*Hilliard*, 834 F.2d at 1358. See also *Calumet Country Club*, 136 Ill. App. 3d at 615.) It protects, on its face, anyone who engages in enumerated activities. Metrick engaged in the protected activities and, thus, is within the protected class.

■ We find the approach in *Hilliard* and *Mullis* to be persuasive and consistent with this court's definition of "improvement to real property" set forth in *Calumet Country Club*. Moreover, to allow plaintiffs to extract a component from an improvement to real property installed at the same time and as a part thereof and thereby avoid the application of section 13—214(b) of the Illinois Code of Civil Procedure would defeat the legislative purpose in enacting it.

For the reasons set forth above, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LORENZ, P.J., and GORDON, J., concur.