JEANNE ZUPAN, Plaintiff-Appellant, v. ALLEN S. BERMAN, Defendant-Appellee.

First District (1st Division)   No. 84—1483

Opinion filed April 7, 1986.

Dennis E. Carlson, of Chicago, for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith and Gary A. Grasso, of counsel), for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, Jeanne Zupan, appeals the dismissal of her legal malpractice action against defendant, Allen S. Berman, who represented her in a dramshop action. The trial court found that the five-year statute of limitations period for the filing of a malpractice action had commenced running on July 22, 1977, the date judgment was entered in the dramshop action and, consequently, dismissed plaintiff's lawsuit, which had been filed on October 4, 1982, on the ground that it had not been timely filed. On appeal, plaintiff contends that the five-year limitations period did not commence running until, at the earliest, her post-trial motions had been denied on November 3, 1977. For the reasons that follow, we affirm the judgment of the trial court.

The record sets forth the following facts pertinent to this appeal. Defendant represented plaintiff in a dramshop action in the circuit court of Cook County which resulted in a jury verdict against plaintiff, with damages assessed at $69,400. On July 22, 1977, the trial court reduced the damages and entered judgment against plaintiff in the amount of $23,600. Plaintiff had no further communication with defendant.

On August 17, 1977, by agreed order, the law firm of Ackerman, Durkin & Egan was granted leave to file its appearance for plaintiff and to extend her time for filing post-trial motions. In her discovery deposition, plaintiff stated that at the time she retained the Ackerman law firm, she told Mr. Ackerman that she felt she had been improperly represented by defendant in the dramshop action. In turn, Ackerman allegedly told plaintiff that, in his opinion, defendant had not properly prepared the case and, in general, had not represented her properly. The trial court denied plaintiff's post-trial motions on November 3, 1977.

Thereafter, Ackerman represented plaintiff on her appeal of the dramshop judgment. On January 22, 1979, the appellate court affirmed the judgment, modified the award of damages, and remanded the cause for further proceedings. Thereafter, on October 4, 1982, represented by new counsel, plaintiff filed the instant malpractice action, alleging that defendant had committed certain acts of legal malpractice in defending the dramshop litigation. In response, defendant filed an affirmative defense predicated on the allegation that plaintiff had failed to file the cause within the applicable statute of limitations and, thus, the court did not have jurisdiction to hear her claim. Following the discovery deposition of plaintiff, defendant moved to dismiss plaintiff's complaint on the affirmative defense grounds.

At the hearing on defendant's motion to dismiss, plaintiff moved for leave to file *instanter* an amended complaint. The trial court denied plaintiff's motion on the ground that the statute of limitations defense could not be cured by the amended complaint and granted defendant's motion to dismiss. Plaintiff's appeal followed.

It is undisputed between the parties that legal malpractice actions are grounded in the contractual attorney-client relationship and, thus, fall within the five-year limitations period of section 13—205 of the Code of Civil Procedure. (Ill. Rev. Stat. 1983, ch. 110, par. 13—205.) Thus, the sole issue before this court is when did the cause of action for legal malpractice arise and the limitations period commence to run. Plaintiff contends that the cause of action arose when either: (1)

the final disposition was made by the appellate court on January 22, 1979, or, (2) in the alternative, when the trial court entered its order denying plaintiff's post-trial motions on November 3, 1977. Thus, according to plaintiff, the five-year limitations period would have expired at the earliest on November 3, 1982, nearly one month after plaintiff had filed her malpractice action.

In contradiction, defendant argues that the cause of action arose and the limitations period commenced running on July 22, 1977, the date judgment was entered against plaintiff. In support of his position, defendant contends that plaintiff suffered injury by the adverse verdict on that date, and, by her own admission, believed the verdict was wrongfully caused by defendant. Therefore, defendant concludes that the limitations period expired on July 22, 1982, and plaintiff's cause of action is barred.

In Illinois, there is a split of authority in the appellate courts as to when a cause of action for legal malpractice arises under section 13—205. (Compare *Dolce v. Gamberdino* (1978), 60 Ill. App. 3d 124, 376 N.E.2d 273, and *Maloney v. Graham* (1912), 171 Ill. App. 409, with *Tucek v. Grant* (1984), 129 Ill. App. 3d 236, 472 N.E.2d 563, and *Kohler v. Woollen, Brown & Hawkins* (1973), 15 Ill. App. 3d 455, 304 N.E.2d 677.) The *Dolce-Maloney* line of reasoning holds that a cause of action for legal malpractice arises at the time plaintiff is injured by the negligent act, *i.e.,* when the attorney breaches his duty to act skillfully and diligently in representing the plaintiff. (See also *West American Insurance Co. v. Sal E. Lobianco & Son Co.* (1977), 69 Ill. 2d 126, 370 N.E.2d 804.) By contrast, the *Tucek-Kohler* line of reasoning holds that the cause of action does not arise until the client discovers, or should have discovered, the facts establishing the elements of the cause of action. The rationale behind the *Tucek-Kohler* line of reasoning is predicated upon application of the "discovery rule," which computes the statute of limitations from the time the plaintiff learns or should have learned of the injury. *Dolce v. Gamberdino* (1978), 60 Ill. App. 3d 124, 127, 376 N.E.2d 273.

In the present case, plaintiff asserts that because the damages determined by the trial court were subject to possible reversal in whole or in part as a result of either the post-trial motions or the appeal, she could not have known with certainty what damages, if any, she had incurred at the time judgment was entered by the trial court. Thus, plaintiff argues that her cause of action against defendant could not accrue until all avenues of appeal had been exhausted. We disagree. As stated by the Illinois Supreme Court in *West American Insurance Co. v. Sal E. Lobianco & Son Co.* (1977), 69 Ill. 2d 126, 132,

370 N.E.2d 804, "[W]here the tort arises out of a contractual relationship ***, [the statute of limitations] [c]ommences at the time of the breach of duty, not when the damage is sustained. [Citation.] The principal reason is that the breach itself is actionable."

■ Upon review of the record, it is our opinion that the *Dolce-Maloney* and *Tucek-Kohler* lines of reasoning intersect with the facts in this case. First, with respect to the *Dolce-Maloney* rationale, we concur with the trial court's decision that "the adverse result at the time of the end of the trial is the operative factor of the beginning of the running of the statute of limitations." Second, with respect to the *Tucek-Kohler* rationale, plaintiff admitted that she was reasonably aware that defendant had wrongfully caused her injury at the time judgment was entered. Thus, under either line of reasoning, the cause of action arose and the limitations period commenced to run on the date judgment was entered. Even if plaintiff had not been absolutely certain of her grounds for a malpractice action at that time, based upon her admitted awareness, she had "an obligation to inquire further to determine whether an actionable wrong was committed. *** [O]nce it reasonably appears that an injury was wrongfully caused, the party may not slumber on his rights." (*Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 171, 421 N.E.2d 864.) Therefore, we conclude that the alleged breach of duty, plaintiff's injury, and plaintiff's awareness that the injury had been wrongfully caused by defendant were concomitant events which commenced the running of the statute of limitations on July 22, 1977. Accordingly, we concur with the trial court that the five-year period of limitations expired on July 22, 1982, and plaintiff's malpractice cause of action, filed on October 4, 1982, was barred by her failure to timely file within that period.

■ Further, we affirm the trial court's dismissal of plaintiff's motion for leave to file *instanter* an amended complaint on the ground that no allegations therein stated obviated the fact that plaintiff's cause of action was barred by the statute of limitations.

For the reasons above stated, we affirm the judgment of the circuit court of Cook County.

Affirmed.

BUCKLEY, P.J., and O'CONNOR, J., concur.