AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO, as Trustee, Plaintiff-Appellant, v. BOOTH/HANSEN ASSOCIATES, LTD., *et al.*, Defendants-Appellees (Horn Chen *et al.*, Defendants).

First District (6th Division)   Nos. 1—88—0982, 1—88—2038 cons.

Opinion filed July 28, 1989.

Regas, Frezados & Harp, of Chicago (Peter G. Frezados, of counsel), for appellant.

Baker & McKenzie, of Chicago (Francis D. Morrissey, Robert W. Smyth, Jr., Michael A. Pollard, and Corinne Seither, of counsel), for appellee Burton-Lipman Company.

Rothschild, Barry & Myers, of Chicago (Norman J. Barry and Daniel Cummings, of counsel), for appellee Thatcher Engineering Corporation.

Greenberger, Krauss & Jacobs, of Chicago, for appellee Booth/Hansen Associates, Ltd.

Cassiday, Schade & Gloor, of Chicago (Bradford D. Roth, Michael J. Gallagher, and Joseph A. Giannelli, of counsel), for appellee Lindahl Brothers, Inc.

Brinton & Bollinger, of Chicago (David R. Barry, Jr., and Kimberly A. Baker, of counsel), for appellee Caisson Corporation.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, American National Bank and Trust Company of Chicago, as trustee, filed suit for damages caused to its building allegedly resulting from the negligent excavation of property located next to the building. Plaintiff now appeals from a trial court order entering summary judgment for defendants Booth/Hansen Associates, Ltd. (architect), Thatcher Engineering Corporation (engineer), Burton-Lipman Company (general contractor), and Caisson Corporation (excavator), and from an order dismissing the action against defendant Lin-

dahl Bros., Inc. (excavator), for untimely filing under the relevant two-year statute of limitations. Counts against defendants Horn Chen, Benjamin Steiner and 320 North Michigan Corporation (owners) are pending in the trial court and are not involved in this appeal.

In 1981, defendants began excavating the premises at 320 North Michigan Avenue in Chicago. Plaintiff's building on the adjacent property subsequently sank and was damaged. In February 1982, plaintiff learned the cause of this damage.

Over two years later, on April 27, 1984, plaintiff filed a complaint, alleging that the construction-related defendants negligently failed to safeguard plaintiff's property before excavating, negligently removed the earth supporting plaintiff's building, and negligently failed to support the foundation of plaintiff's building during construction.

On March 1, 1988, the trial court entered summary judgment in favor of Booth/Hansen and Thatcher Engineering for failure to file suit within two years as required by section 13—214 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—214). On the same day, the court granted Lindahl's section 2—619 motion to dismiss count VI on the same grounds. (Ill. Rev. Stat. 1985, ch. 110, par. 2—619.) On June 10, 1988, the court granted summary judgment in favor of Burton-Lipman and Caisson for the same reasons.

Section 13—214 sets forth a two-year statute of limitations for actions "against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property." Ill. Rev. Stat. 1985, ch. 110, par. 13—214(a).

Plaintiff argues that section 13—214 does not apply to its complaint against defendants because the limitations period applies only to injuries "caused by some defects in improvements to real property." It does not apply to cases like the present one, involving "claims arising from *** general acts of negligence while they are installing or erecting an improvement to real property." Thus, it maintains that section 13—214 should be applied only where the injury is caused "by some defect in an improvement," and not caused by "general acts of negligence," regardless of "whether they are repairing improvements *** [or] constructing improvements." Plaintiff contends that the five-year limitation for property damage applies. (See Ill. Rev. Stat. 1983, ch. 110, par. 13—205.) We do not agree.

■ Section 13—214 encompasses all actions against persons involved in the construction-related activities enumerated in the stat-

ute. (*People ex rel. Skinner v. Hellmuth, Obata & Kassabaum, Inc.* (1986), 114 Ill. 2d 252, 500 N.E.2d 34.) Section 13—214 permits recovery by adjacent landowners. (*Continental Insurance Co. v. Walsh Construction Co.* (1988), 171 Ill. App. 3d 135, 524 N.E.2d 1131.) In construing section 13—214, we look to the plain language of the statute. (*In re Estate of Cohen* (1983), 112 Ill. App. 3d 265, 445 N.E.2d 391.) Section 13—214(a) clearly and unambiguously bars all "actions based upon tort *** against any person for an act or omission *** in the *** construction of an improvement to real property" not commenced within two years. Ill. Rev. Stat. 1985, ch. 110, par. 13—214(a). See *Commonwealth Edison Co. v. Walsh Construction Co.* (1988), 177 Ill. App. 3d 373, 532 N.E.2d 346.

■ We find no distinction between "improvements" and "defects in improvements." The statute refers to any acts or omissions. (See *Continental Insurance Co. v. Walsh Construction Co.* (1988), 171 Ill. App. 3d 135, 524 N.E.2d 1131.) Plaintiff also wishes us to rewrite the statute to exclude claims for "general negligence" relating to the defects in improvements to real property. We cannot ignore the plain intent of the legislature, as determined from the statute itself, to include all negligent torts. *Commonwealth Edison Co. v. Walsh Construction Co.* (1988), 177 Ill. App. 3d 373, 532 N.E.2d 346.

Plaintiff also argues that an excavation is not an improvement to real property under section 13—214 because "the excavation did not constitute an improvement which would enhance the value of the defendant's adjoining premises permanently for general uses," and if the property were "placed on the market for sale at that time its value could very well have been diminished by reason of the excavation."

■ An improvement involves more than mere repair or replacement, and excavation prior to construction is an "improvement." See *Commonwealth Edison Co. v. Walsh Construction Co.* (1988), 177 Ill. App. 3d 373, 532 N.E.2d 346; *Continental Insurance Co. v. Walsh Construction Co.* (1988), 171 Ill. App. 3d 135, 524 N.E.2d 1131; see also *Calumet Country Club v. Roberts Environmental Control Corp.* (1985), 136 Ill. App. 3d 610, 483 N.E.2d 613.

Plaintiff's reliance on *Calumet Country Club* as support for its argument that a jury should decide whether the excavation was an "improvement" is misplaced. In *Calumet Country Club*, there were insufficient facts alleged to determine whether a piping connection constituted an "improvement." The court specifically noted that this question of fact would not arise where the construction of a building was at issue.

■ The trial court properly concluded that plaintiff's cause of action was barred by the two-year statute of limitations under section 13—214 of the Code of Civil Procedure.

For the foregoing reasons, the judgments of the circuit court of Cook County are affirmed.

Judgments affirmed.

EGAN, P.J., and LaPORTA, J., concur.