JOHN VAN GESSEL, Plaintiff-Appellant, v. SUSAN FOLDS *et al.*, Defendants-Appellees.

First District (5th Division)   No. 1—89—0468

Opinion filed March 1, 1991.

Mark S. Dym, of Gessler, Flynn, Fleischmann, Hughes & Socol, Ltd., of Chicago, for appellant.

Lord, Bissell & Brook, of Chicago (Daniel J. Zollner and Hugh C. Griffin, of counsel), for appellees.

PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Plaintiff appeals from an order granting summary judgment in favor of defendants raising issues resulting from trial court error. The facts are discussed only as they relate to the disposition of this appeal.

In his four-count second-amended complaint, plaintiff sought damages against the defendants for their breach of contract, fraudulent and negligent misrepresentation, and their violations of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1989, ch. 121½, par. 261 *et seq.*) (Consumer Fraud Act) in connection with their sale to him of residential real estate. Defendants answered asserting affirmative defenses and moved for summary judgment. In granting the summary judgment the trial court considered the pleadings, the parties' memoranda with exhibits, depositions of the parties and an affidavit of plaintiff's real estate agent.

Pertinent to our disposition are the following as shown by the pleadings, depositions and affidavits. In 1979, defendant Susan Folds purchased the subject property, which had been previously damaged by fire. Although she never lived in the home, she did spend some money rehabbing some of the minor fire damage. She subsequently listed the property for sale with defendants Glenn Portugal and Portiland Realty Company.

After twice inspecting the premises with his real estate agent, Tim Allwardt, plaintiff, an attorney, drafted a contract to purchase, an installment agreement for warranty deed and a rider to the agreement which were then signed by defendant Susan Folds.

The documents provided, *inter alia*, for the purchase price payment of $59,000 in monthly installments over three years with a balloon payment on December 1, 1983; that the plaintiff would receive $500 credit to "cover the cost of all repairs regardless of actual cost or nature of any defects"; that the conveyance was "expressly sub-

ject" to building and zoning ordinances; and that the home would be conveyed "as is." The "as is" clauses were either handwritten or typewritten into a blank space on the contract form and initialed by the plaintiff. Upon closing the deal, plaintiff placed a handwritten notation on the closing statement indicating the $500 credit was received for repairs to the back porch only.

Plaintiff took possession of the premises in November 1980. While checking the insulation in the attic in January 1983, he discovered evidence of fire damage which he characterized as concealed. He then wrote several letters to the defendants complaining of the damage and requested they remedy the situation. At the same time he reserved the right to pursue legal remedies against them. However, plaintiff continued his monthly payments, including the balloon payment.

Plaintiff had the home appraised in November 1983. The appraiser, using a market value approach, valued the property at $69,000. In 1985, a contractor estimated the cost to repair portions of the damaged area at $3,800. However, the repairs were never made. In 1986, plaintiff had the property reappraised instructing the appraiser to place a value on the home as if no major fire damage had occurred. The appraiser, using a cost approach, valued the property at $117,000 and, by market approach, at $105,000. Plaintiff sold the property in November 1986 for $85,000.

OPINION

While we agree that summary judgment is a drastic remedy to be awarded with caution (*Gatlin v. Ruder* (1990), 137 Ill. 2d 284, 560 N.E.2d 586), we cannot agree that the trial judge erred in granting summary judgment in this case.

▪ Summary judgment is available to a party, as a matter of law, if the pleadings, taken together with any depositions, admissions or affidavits, demonstrate that there is no genuine issue of material fact. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c).) Yet the mere allegation that a material fact exists does not create such an issue or avoid the imposition of summary judgment. *Turner v. City of Chicago* (1980), 91 Ill. App. 3d 931, 415 N.E.2d 481.

▪ In the present case, the plaintiff has alleged that there are questions of fact on each of his four counts precluding summary judgment. After careful analysis, we conclude that these mere allegations are not enough to avoid the imposition of summary judgment on each of the counts. On the breach of contract count, plaintiff has alleged that there was a question of material fact whether all three defend-

ants had an ownership interest in the home. The Statute of Frauds, however, provides that no action shall be brought to charge any person upon any contract for the sale of land unless such contract is signed by the party to be charged or by some other person authorized, in a signed writing, to do so. (Ill. Rev. Stat. 1989, ch. 59, par. 2.) Glenn Portugal and Portiland Realty Company did not sign the sales contract, and the plaintiff has presented no evidence of a writing signed by these defendants authorizing Susan Folds to sign for them. Therefore, based on the Statute of Frauds, we hold that Glenn Portugal and Portiland Realty Company are not subject to liability for breach of the sales contract.

■ We next consider whether the "as is" clauses along with the $500 credit operated as a disclaimer of any contractual representation made by Susan Folds. In order for an "as is" clause to operate as a disclaimer of contractual representations, the "as is" clause must have been both expected and bargained for. *Lake Bluff Heating & Air Conditioning Supply, Inc. v. Harris Trust & Savings Bank* (1983), 117 Ill. App. 3d 284, 452 N.E.2d 1361.

■ In the instant case, plaintiff argues that the fire damage which he characterized as concealed raises genuine issues of material fact whether the disclaimer of that damage was both expected and bargained for. We disagree. The plaintiff not only knew that the home had been involved in a fire but also knew that some fire damage still existed. The plaintiff also was given complete freedom to inspect any portion of the home. Although the plaintiff argues that he should not be expected to have ripped down the dry wall during his inspections, we find this argument unconvincing. First, we note that no one was living in the home when the plaintiff inspected the home, so he was not prevented from performing a thorough inspection. Second, we note that the plaintiff ultimately discovered the concealed fire damage while he was checking the level of insulation in the attic. We do not find it unreasonable to hold that the plaintiff should have made a similar check in the attic when he inspected the home before purchasing it. These facts establish as a matter of law that the disclaimer of the fire damage was expected.

The existence of the $500 credit establishes as a matter of law that the disclaimer of the fire damage was also bargained for. The $500 was provided to "cover the cost of all repairs regardless of actual cost or nature of any defects." Although the plaintiff argues that the handwritten notation on the closing statement established that the $500 was for repairs to the backporch only, we find this argument unconvincing. The plaintiff drafted the purchase documents and any am-

biguity must therefore be strictly construed against him. (*Berutti v. Dierks Foods, Inc.* (1986), 145 Ill. App. 3d 931, 496 N.E.2d 350.) In conclusion, because the test for disclaimer has been satisfied, we hold that the "as is" clauses operated as a disclaimer of the contractual representations made by defendant Susan Folds. Therefore, the trial judge's entry of summary judgment on the breach of contract count was proper.

■ The plaintiff's second and third counts involved the torts of fraudulent and negligent misrepresentation, respectively. The parties are in agreement that the measure of damages for these torts is the value the home would have had at the time of the sale if the damage did not exist, minus the value the home actually had at the time of sale due to the damage. (*Kinsey v. Scott* (1984), 124 Ill. App. 3d 329, 463 N.E.2d 1359.) Plaintiff has measured damages based upon the appraisal value of the home in 1986 ($117,000 or $105,000), minus the sale price of the home ($85,000) to the third party in 1986. The defendants contend that this measure of damages is irrelevant. We agree. The proper time to measure damages is the time that the defendants sold the home to plaintiff in 1980, not the time plaintiff resold the home in 1986. (*Posner v. Davis* (1979), 76 Ill. App. 3d 638, 395 N.E.2d 133.) Because the plaintiff has not presented evidence of damages in 1980, we hold that the trial judge's entry of summary judgment on plaintiff's second and third counts was proper.

■ The plaintiff's fourth count alleged violations of the Consumer Fraud Act. (Ill. Rev. Stat. 1989, ch. 121½, par. 261 *et seq.*) The issue here is whether plaintiff's claim is barred by the Consumer Fraud Act's three-year statute of limitations. Defendant Susan Folds conveyed the damaged home to the plaintiff in November 1980. If the limitations period began at that time, it expired in November 1983. Since plaintiff did not file suit until 1985, defendants argue that this count should be time barred.

Plaintiff, on the other hand, argues that the discovery rule should be applied to the Consumer Fraud Act's statute of limitations. Since plaintiff did not discover the concealed fire damage until 1983, filing suit in 1985 was within the three-year period. Both parties recognize *Chicago Board Options Exchange, Inc. v. Connecticut General Life Insurance Co.* (N.D. Ill. 1982), 553 F. Supp. 125, *rev'd on other grounds* (7th Cir. 1983), 713 F.2d 254, as precedent (though not binding) for application of the discovery rule to the Consumer Fraud Act.

We do not reach, however, the issue of application of the discovery rule to the Consumer Fraud Act. If a plaintiff discovers his cause of action or injuries within the limitations period and still has reason-

able time in which to file suit, then the discovery rule does not apply and the plaintiff must file suit within the normal limitations period. (*Anderson v. Wagner* (1979), 79 Ill. 2d 295, 402 N.E.2d 560.) In *Anderson*, the Illinois Supreme Court barred the plaintiff's medical malpractice suit under the statute of limitations where the plaintiff learned of his cause of action seven months prior to the running of the limitations period, but delayed filing suit until after the limitations period had run.

In the present case, plaintiff's claim under the Consumer Fraud Act accrued in November 1980 and the limitations period expired in November 1983. Plaintiff admittedly discovered the alleged fraud in January 1983. Therefore, plaintiff had 10 months in which to file suit before the limitations period expired. Hence, pursuant to the Illinois Supreme Court's holding in *Anderson*, we hold that plaintiff's count under the Consumer Fraud Act is time barred.

In summary, we hold that the trial judge's entry of summary judgment on each of the four counts as to each of the defendants was proper.

Affirmed.

MURRAY and GORDON, JJ., concur.