KATIE BRADLEY, Plaintiff-Appellant, v. ALPINE CONSTRUCTION COMPANY, Defendant-Appellee.

First District (3rd Division)   No. 1—89—1977

Opinion filed December 31, 1991.

MaNina M. Harper and Velma R. Jackson, both of Chicago, for appellant.

Thomas D. Nissen, of Chicago, for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff Katie Bradley appeals from an order of the circuit court of Cook County which dismissed both counts of her amended complaint with prejudice. The amended complaint alleged breach of contract and consumer fraud in connection with a contract with defendant Alpine Construction Company to make certain repairs to plaintiff's home. The trial court dismissed both counts of the amended complaint pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—619) on the basis that the action was barred by the applicable statutes of limitation. We reverse and remand.

In May 1982, defendant entered into a retail installment contract with plaintiff to install a steel horizontal I-beam under the second-floor balcony of plaintiff's three-flat building located at 7307 S. Emerald Avenue, Chicago, Illinois. Defendant completed construction on August 27, 1982. In August 1987, plaintiff was informed that the second-floor balcony of her three-flat building was sagging and on the verge of collapse. She employed Vernell Burns, a general contractor, to make the repairs to the porch. Burns recommended the installation of a horizontal I-beam under the porch. Plaintiff told Burns that defendant had installed a horizontal I-beam several years earlier. After making a further inspection, Burns told plaintiff that a horizontal beam had not been installed under the porch.

Plaintiff contacted defendant to discuss defendant's apparent failure to install a horizontal I-beam pursuant to the May 1982 contract. Plaintiff received a letter from defendant in January 1988 disclaiming any responsibility for dissatisfaction with the work performed because the one-year warranty on the work had expired. On May 27, 1988, plaintiff filed a complaint in the circuit court of Cook County alleging defendant breached the parties' contract. Plaintiff subsequently

amended her complaint alleging consumer fraud in connection with the contract.

Count I of the complaint involved a claim under section 13—214 of the Code of Civil Procedure, which requires litigants to commence an action within four years from the date that they knew or should reasonably have known of the wrongful act or omission. (Ill. Rev. Stat. 1987, ch. 110, par. 13—214.) This section encompasses all actions against persons involved in construction-related activities. (See *American National Bank & Trust Co. v. Booth/Hansen Associates, Ltd.* (1989), 186 Ill. App. 3d 865, 542 N.E.2d 925.) Count II involved a claim under the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act), which requires litigants to commence an action within three years after the cause of action accrued. Ill. Rev. Stat. 1987, ch. 121½, par. 270a.

Defendant filed a motion to dismiss plaintiff's amended complaint pursuant to section 2—619(5) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619), arguing that plaintiff became aware that defendant failed to install a horizontal I-beam on August 27, 1982, the date of the completion of construction, and that the statutes of limitation for plaintiff's cause of actions had lapsed before she commenced her action on May 27, 1988. The trial court, relying on plaintiff's deposition, entered an order granting defendant's motion to dismiss. It is from this order that plaintiff appeals.

■ Where a section 2—619 motion has been filed and there is no jury issue or demand involved, and genuine issues of fact are present, the reviewing court may hear and determine the merits of the dispute and may reverse the trial court's order if it is incorrect as a matter of law or against the manifest weight of the evidence. *Kirby v. Jarrett* (1989), 190 Ill. App. 3d 8, 13, 545 N.E.2d 965, 968.

■ When properly installed, a steel I-beam is placed horizontally atop the vertical support posts and concealed inside the outer wall of the construction. Its presence or lack thereof would not be visible to an inexperienced observer such as plaintiff. The trial court's reliance on plaintiff's deposition is misplaced, and its conclusion that plaintiff knew or should have known of defendant's breach of contract on August 27, 1982, is erroneous. No conclusion can be drawn other than plaintiff became aware of any potential breach of the parties' contract in August 1987, when informed by the subsequent contractor hired to make repairs to her porch that a horizontal I-beam had not been previously installed. Therefore, we hold that plaintiff knew or should have known of defendant's alleged breach of contract in August 1987.

Accordingly, the statutes of limitation in plaintiff's cause of actions commenced in August 1987.

Plaintiff filed her initial complaint on May 27, 1988, well within the four-year limitation period set by section 13—214 of the Code of Civil Procedure and the three-year limitation period set by section 10a(e) of the Consumer Fraud Act. (Ill. Rev. Stat. 1987, ch. 110, par. 13—214; Ill. Rev. Stat. 1987, ch. 121½, par. 270a(e).) Accordingly, we reverse the trial court's order granting defendant's motion to dismiss both counts of plaintiff's amended complaint.

■ Defendant contends that plaintiff never properly pled the "discovery rule" and therefore should not be allowed to argue it on appeal. The "discovery rule," which is incorporated directly into the language of section 13—214, provides that the statute of limitations in a breach of contract action begins to run at the time when the plaintiff knows or reasonably should know of the injury and knows or reasonably should know that the injury was wrongfully caused. (*County of Du Page v. Graham, Anderson, Probst & White, Inc.* (1985), 109 Ill. 2d 143, 153-54, 485 N.E.2d 1076, 1080; see also *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 430 N.E.2d 976.) Several Illinois courts have applied the "discovery rule" to cause of actions brought under the Consumer Fraud Act. See *Van Gessel v. Folds* (1991), 210 Ill. App. 3d 403, 569 N.E.2d 141; *Sommer v. United Savings Life Insurance Co.* (1984), 128 Ill. App. 3d 808, 471 N.E.2d 606.

Defendant relies on *Freeport Memorial Hospital v. Lankton, Ziegele, Terry & Associates, Inc.* (1988), 170 Ill. App. 3d 531, 537, 525 N.E.2d 194, 199, where this court held that a complaint filed beyond the limitations period based on section 13—214 must allege facts explaining why the cause of action was not and could not have been discovered prior to the lapse of the statute of limitations through the exercise of due diligence.

■ ■ The court in *Freeport*, however, also stated: "[T]he purpose of the statute of limitations is not to shield the wrongdoer but to discourage stale claims and encourage diligence in the bringing of actions." (*Freeport*, 170 Ill. App. 3d at 537, 525 N.E.2d at 198.) To preclude plaintiff from bringing this action because she failed to allege the "discovery rule" in her complaint would be allowing defendant to be shielded by the law from its wrongdoing. Plaintiff hired defendant specifically to install a horizontal I-beam and had no reason to believe that one was not installed. Plaintiff commenced this action no more than nine months after she discovered that defendant may have breached its duty under the contract. Logic, reason, fairness and justice require that plaintiff be given her day in court to prove that

defendant breached the contract to install a horizontal beam under her porch.

We remand this matter to the trial court so that plaintiff can be granted leave to file a second amended complaint that conforms with the requirements of the "discovery rule."

Accordingly, the order of the trial court is reversed and the case is remanded for further proceedings consistent with what we have stated in this opinion.

Reversed and remanded.

CERDA, P.J., and GREIMAN, J., concur.