HERMITAGE CORPORATION *et al.*, Plaintiffs-Appellees, v. CONTRACTORS ADJUSTMENT COMPANY *et al.*, Defendants-Appellants.

First District (5th Division)  No. 1—92—2942

Opinion filed July 9, 1993.—Modified opinion filed July 8, 1994.

Jerry A. Fogelman, of Nigro & Westfall, P.C., of Glendale Heights, for appellants.

Harold L. Levine, Ltd., of Chicago, for appellees.

PRESIDING JUSTICE MURRAY delivered the opinion of the court:

Plaintiffs, Hermitage Corporation and Robert G. Racky, filed a four-count complaint on January 9, 1991, charging defendants,

Contractors Adjustment Company and George Strickland, with (count I) negligence; (count II) unauthorized practice of law; (count III) consumer fraud; and (count IV) breach of warranty. The defendants filed a motion to dismiss pursuant to section 2—619(a)(5) of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—619(a)(5)) seeking to dismiss all four counts/theories based upon the applicable statutes of limitations. The trial court denied said motion. However, pursuant to Supreme Court Rule 308 (134 Ill. 2d R. 308), the trial court certified the statute of limitations issues for interlocutory appeal. On September 30, 1992, this court granted defendants' application for leave to appeal.

The complaint alleges that plaintiffs entered into an oral agreement with defendants, nonlawyers, for defendants to prepare and record plaintiffs' mechanic's lien notice and claim. The mechanic's lien was recorded on January 25, 1985. Plaintiffs' complaint further alleged that plaintiffs sought to enforce the mechanic's lien under a prior foreclosure suit wherein the court reduced the lien amount from $93,427.18 to $17,332, allegedly due to defendants' failure to properly prepare the lien. Plaintiffs' motion for reconsideration in said prior foreclosure action was denied on March 16, 1989. In counts I, II and IV, plaintiffs specifically alleged that each cause of action accrued on March 16, 1989.

Originally defendants filed their motion to dismiss pursuant to section 2—615 of the Code of Civil Procedure. (See Ill. Rev. Stat. 1991, ch. 110, par. 2—615.) At a hearing on the motion, the trial judge ruled that the motion was inappropriate under section 2—615, but entered an order granting defendants time to refile a motion to dismiss pursuant to section 2—619(a)(5) of the Code of Civil Procedure. (See Ill. Rev. Stat. 1991, ch. 110, par. 2—619(a)(5).) Defendants subsequently filed a motion to dismiss all counts of plaintiffs' complaint pursuant to section 2—619(a)(5) based on the statute of limitations. The trial court denied the defendants' motion and certified this case for an interlocutory appeal.

The trial court certified for review the questions of whether the statutes of limitations for each of the four causes of action, namely negligence, negligent unauthorized practice of law, consumer fraud and deceptive business acts, and breach of warranty, respectively, commence: (a) on January 29, 1985, when the mechanic's lien was prepared, or (b) on July 16, 1987, when the plaintiffs' lien was reduced (in a previous suit to enforce the lien), or (c) on March 16, 1989, when a motion for reconsideration was denied (in a previous suit to enforce the lien).

It appears that there is no disagreement among the parties that:

(a) in January 1985, defendants allegedly improperly prepared plaintiffs' mechanic's lien; (b) a court order in a prior mechanic's lien foreclosure case was entered on July 16, 1987, which reduced plaintiffs' lien claim from $93,427.18 to $17,332; (c) on March 16, 1989, plaintiffs' motion to reconsider the order of July 16, 1987, was denied; and (d) the present case was filed on January 9, 1991. In addition, the parties do not dispute the relevant statutes of limitations periods. (See Ill. Rev. Stat. 1989, ch. 110, par. 13—205[1] (five-year statute of limitations applicable to negligence, unauthorized practice of law and breach of warranty counts); Ill. Rev. Stat. 1989, ch. 121$^1$/$_2$, par. 270a(e) (Consumer Fraud and Deceptive Business Practices Act provides that action must be commenced within three years after the cause of action accrued).) The parties do, however, dispute when the respective causes of action accrue and when the applicable statutes of limitations commence.

At the heart of the issues in this case is the discovery rule. "[T]he discovery rule mandates that the statute of limitations starts to run when a person knows or reasonably should know of his injury and also knows or reasonably should know that it was wrongfully caused." (*Bashton v. Ritko* (1987), 164 Ill. App. 3d 37, 39, 517 N.E.2d 707, 710, citing *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 430 N.E.2d 976.) The precise date plaintiff discovers his cause of action is ordinarily a question of fact and must be determined by the trier of fact. (*Eldridge v. Eldridge* (1993), 246 Ill. App. 3d 883, 892.) Though, where it is apparent from the disputed facts that only one conclusion can be drawn, it is a question for the court. *Ruklick v. Julius Schmid, Inc.* (1988), 169 Ill. App. 3d 1098, 1107-08, 523 N.E.2d 1208, 1214.

> "When a defendant raises a statute-of-limitations issue, a plaintiff must set forth facts sufficient to avoid the statute's effect. [Citation.] A plaintiff has a burden of specifically pleading facts showing that the action was brought within the limitation period. [Citations.] When a plaintiff seeks to avail herself of the discovery-rule exception to an otherwise applicable limitation period, she has the burden of proving the date of discovery." (*Ruklick*, 169 Ill. App. 3d at 1107-08, 523 N.E.2d at 1214.)

However, in *Van Gessel v. Folds* (1991), 210 Ill. App. 3d 403, 407-08, 569 N.E.2d 141, this court held: "If a plaintiff discovers his cause of action or injuries within the limitations period and still has reason-

---

[1]Section 13—205 (Ill. Rev. Stat. 1991, ch. 110, par. 13—205) provides, *inter alia,* for a five-year statute of limitations for actions on unwritten contracts, expressed or implied, and that "all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued."

able time in which to file suit, then the discovery rule does not apply and the plaintiff must file suit within the normal limitations period." *Anderson v. Wagner* (1979), 79 Ill. 2d 295, 402 N.E.2d 560.

For the following reasons, we must reverse the decision of the trial court.

A motion under section 2—619(5) admits all facts well pleaded, and we must accept as true not only those facts, but all reasonable inferences therefrom. (*In re Estate of Krevchena* (1993), 244 Ill. App. 3d 160.) Plaintiffs' verified complaint specifically alleged in the negligence, breach of warranty, and negligent unauthorized practice of law counts that the respective causes of action accrued on March 16, 1989. Plaintiffs contend that since this well-pleaded allegation is an essential element of plaintiffs' complaint and defendants did not file an affidavit together with their section 2—619 motion, the date of March 16, 1989, is admitted as true. Conversely, defendants maintain that plaintiffs' allegation that the cause of action accrued on March 16, 1989, is a conclusion of law, not an allegation of fact. Regardless of the parties' arguments on this issue, we have utilized the March 16, 1989, date in analyzing the statute of limitations issues in regard to the negligence, negligent unauthorized practice of law and breach of warranty counts.

We note, however, that in *Barber-Colman Co. v. A&K Midwest Insulation Co.* (1992), 236 Ill. App. 3d 1065, 603 N.E.2d 1215, the court recognized that an anticipatorily pled allegation (such as when the cause of action accrued) is not deemed admitted for purposes of a section 2—619 motion:

> "As a final example, the plaintiff could anticipatorily plead an exception to an affirmative defense, the minority of the plaintiff, for instance. Such pleadings are not uncommon in cases involving discovery exceptions to the statute of limitations, but the fact that an exception is pled anticipatorily does not entitle it to any different treatment. An exception to the statute of limitations (section 2—619(a)(5)), a claim of fraud to void a release (section 2—619(a)(6)), or a difference in the claims of a similar pending case (section 2—619(a)(3)) may all defeat a section 2—619 motion, but none of them are elements in the claim of the plaintiff, and none of them are admitted by a section 2—619 motion." *Barber-Colman*, 236 Ill. App. 3d at 1075, 603 N.E.2d at 1221.

## NEGLIGENCE

Defendants argue that plaintiffs' counts for negligence and negligent unauthorized practice of law were not timely filed. Defendants argue that a cause of action for legal malpractice accrues when the attorney breaches his duty to act skillfully and diligently

on behalf of his client. (*Dolce v. Gamberdino* (1978), 60 Ill. App. 3d 124, 376 N.E.2d 273.) Thus, defendants contend that they allegedly acted negligently on January 29, 1985, when they recorded the allegedly defective mechanic's lien. Defendants also argue that all the elements of negligence (legal duty, breach and resulting injury) were present when the lien was prepared and filed in January 1985. Moreover, defendants contend that the plaintiffs' injury was known at least by July 1987 and note that by plaintiffs' own admission they knew of their injury on March 16, 1989. Defendants maintain that discovery of the cause of action was well within the traditional five-year statute of limitations; thus, the statute of limitations ran in January of 1990 (five years from the date the lien was prepared).

Plaintiffs argue there is no cause of action for negligence until the injury or damage has occurred and that defendants' argument that the discovery rule is inapplicable to this case fails since the statute of limitations does not start running until after the cause of action accrues and the cause of action accrues upon discovery. Plaintiffs contend that, in this case, the cause of action accrued when the plaintiffs discovered their injury, either in 1987 or 1989. Plaintiffs maintain it was not clear that they lost anything by defendants' actions until after the trial court's ruling on March 16, 1989, when it was plain that plaintiffs lost what they sought to gain from the enforcement of the mechanic's lien. However, the plaintiffs argue, assuming, *arguendo*, that this court finds that the statute of limitations did not start running on March 16, 1989, this court should at least find that the plaintiffs' cause of action in negligence and negligent and unauthorized practice of law started running on July 16, 1987.

Plaintiffs' negligence count alleges that "[p]rior to, during and subsequent to January 29, 1985, [defendant] held itself out to [plaintiff] as being skilled in the filing and the protection of mechanic's lien rights" and that "by holding itself out as skilled, [defendant] owed [plaintiff] a duty of care to perform the work promised in a proper and careful manner and in accordance to the standard of care expected of those in the same business." The negligence count further alleged that defendants breached this duty of care by performing the work in an improper and careless manner so that on July 16, 1987, the lien was reduced as a result of defendants' failure to properly prepare the lien.

In *Jackson Jordan, Inc. v. Leydig, Voit & Meyer* (1994), 158 Ill. 2d 240, 249-50, the Illinois Supreme Court stated:

> "The discovery rule delays the commencement of the relevant statute of limitations until the plaintiff knows or reasonably

should know that he has been injured and that his injury was wrongfully caused. [Citations.]

The time at which a party has or should have the requisite knowledge under the discovery rule to maintain a cause of action is ordinarily a question of fact. [Citation.]"

Recently, in *Cassidy v. Derek Bryant Insurance Brokers, Ltd.* (1993), 244 Ill. App. 3d 1054, 1064, the appellate court stated:

"In general, a 'statute of limitations commences to run when the party to be barred has a right to invoke the aid of the court to enforce his remedy.' [Citation.] For most torts, the cause of action accrues when the plaintiff suffers injury. [Citation.] If the plaintiff did not know of the injury when it occurred, courts may apply the discovery rule, which 'simply means that the court will use the date upon which the plaintiff knew or should have known that he was injured as the day when the designated limitations period begins.' [Citation.]

For torts involving negligence in the performance of a contract or neglect of a contractual duty, the role is different.

'Where the tort arises out of a contractual relationship *** [the limitations period] commences at the time of the breach of duty, not when the damage is sustained. [Citation.] The principal reason is that the breach itself is actionable. This rule encourages the party to act within five years of the breach rather than to delay until damages increase.' [Citation.]

Where the plaintiff did not know of the breach, courts may apply the discovery rule to torts arising out of contracts. [Citation.] Under that rule, the limitations period begins to run when the plaintiff should have known of the breach of the contractual duty."

■ In cases where the plaintiff's complaint alleges fraud or tortious misrepresentation, the statute of limitations begins to run on the date the fraud is discovered by the plaintiff. (*In re Estate of Krevchena* (1993), 244 Ill. App. 3d 160.) We believe that the plaintiffs' negligence count alleges negligence in the defendants' performance of an oral contract to file the mechanic's lien and as such the limitations period commences at the time of the breach.

Accepting as true that the plaintiffs did not discover their injury until March 16, 1989, the plaintiffs had 10 months remaining until the expiration of the original limitations period. Accordingly, we must find that the count was time barred by the statute of limitations. See *Van Gessel v. Folds* (1991), 210 Ill. App. 3d 403, 407-08, 569 N.E.2d 141.

Plaintiffs' negligent and unauthorized practice of law count alleges that "STRICKLAND held himself out and CONTRACTORS

as being 'experts' and skilled in the area of mechanic's liens" and that "STRICKLAND held out to RACKY that its expert services include the preparation of legal documents necessary in filing the mechanic's liens, expert knowledge in the statutory procedure of filing and perfecting the liens and expert knowledge of all the legal requirements in filing liens." This count further alleged that defendants owed plaintiffs a duty of care to properly and carefully file the mechanic's lien, that the defendants breached said duty of care, and as a result of said breach of duty plaintiffs lost lien priorities and subsequently lost their lien rights.

■ We believe the elements of a claim of legal malpractice are relevant in a case involving the negligent unauthorized practice of law. The elements of a claim of legal malpractice are: (1) the existence of an attorney-client relationship, (2) a breach of duty arising from that relationship, (3) causation, and (4) damages. (*Jackson Jordan, Inc. v. Leydig, Voit & Mayer* (1990), 199 Ill. App. 3d 728, 732-33, 557 N.E.2d 525.) As noted in *Belden v. Emmerman* (1990), 203 Ill. App. 3d 265, 268, 560 N.E.2d 1180, the various districts of the Illinois Appellate Court have taken different views in determining when a cause of action for legal malpractice accrues under section 13—205 of the Code of Civil Procedure. Compare *Dolce v. Gamberdino* (1978), 60 Ill. App. 3d 124, 126, 376 N.E.2d 273, 275, with *Tucek v. Grant* (1984), 129 Ill. App. 3d 236, 240, 472 N.E.2d 563, 566.

■ The first district has held that legal malpractice actions ordinarily accrue "when the attorney breaches its duty." (See *Belden*, 203 Ill. App. 3d at 268 (and cases cited therein).) In addition, although the first district has also recognized the discovery rule in determining when the statute of limitations commences on a legal malpractice claim, the application of the discovery rule has been limited to those instances where " 'the discovery occurs after the statute of limitations has run or when discovery occurs at a time so near the running that the action, for all practical reasons, has been barred before a party has learned of the accrual.' " (*Belden*, 203 Ill. App. 3d at 269, quoting *Dolce*, 60 Ill. App. 3d at 128, 376 N.E.2d at 276.) In the present case, even accepting as true the plaintiffs' assertion that the cause of action was not discovered until March 16, 1989, the plaintiffs had 10 months within which to file their complaint before the normal limitations period expired. Ten months is sufficient time in which to file a complaint and is not so near the running of the limitations period to effectively bar the action. Accordingly, we conclude that the cause of action for negligent unauthorized practice of law was time barred at the time the plaintiffs filed their complaint.

## BREACH OF WARRANTY

In the breach of warranty count plaintiffs allege defendants carelessly, improperly, and unskillfully filed plaintiffs' mechanic's. lien and failed to allocate the lien amount. Defendants argue this breach would have occurred when the lien was filed on January 29, 1985, and, thus, the limitations period commenced in January 1985 and expired in January 1990. Again the defendants argue that the discovery of the cause of action occurred at the latest on July 16, 1987, when the lien was reduced, $2^1/2$ years before the expiration of the limitations period.

■ As previously stated, the court in *Cassidy v. Derek Byrant Insurance Brokers, Ltd.* (1993), 244 Ill. App. 3d 1054, held that where the tort arises out of a contractual relationship, the limitations period commences at the time of the breach of duty, not when the damage is sustained. Therefore, in this case the normal limitations period commenced at the time the defendants' lien was allegedly defectively filed on January 29, 1985, and expired on January 29, 1990. Even accepting as true the plaintiffs' assertion that the breach was not discovered until March 16, 1989, 10 months remained prior to the expiration of the normal limitations period. Ten months is a reasonable period of time in which to file suit, and as a result, the discovery rule does not apply to this case; therefore, the plaintiffs must have filed the suit within the normal limitations period. (See *Van Gessel v. Folds* (1991), 210 Ill. App. 3d 403, 407-08, 569 N.E.2d 141.) Accordingly, we find that the trial court erred in denying the defendants' motion to dismiss the breach of warranty count based on the applicable statute of limitations.

## CONSUMER FRAUD COUNT

Count III of plaintiffs' complaint alleges violations of the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (Ill. Rev. Stat. 1989, ch. $121^1/2$, par. 261 *et seq.*). Defendants argue that the plaintiffs' claim is barred by the Consumer Fraud Act's three-year statute of limitations. Ill. Rev. Stat. 1989, ch. $121^1/2$, par. 270a(e).

Plaintiffs' complaint alleges that on January 29, 1985, defendants filed a mechanic's lien on behalf of the plaintiff. Defendants' allegedly deceptive practices include: "representing to plaintiffs that it is skilled *** when it carelessly and negligently filed the liens; *** falsely promising *** liens will be filed carefully *** falsely guaranteeing the protection of the lien rights *** falsely pretending the service could be performed by laymen when it knew or should have known it was the practice of law."

Defendants argue all of the allegedly deceptive practices occurred before defendants prepared the lien, which would have been sometime before filing the lien on January 25, 1985, and since the cause of action for consumer fraud and deceptive business acts commenced on January 29, 1985, the three-year limitations period expired on January 29, 1988. Since the plaintiffs did not file suit until January 9, 1991, the defendants maintain that this count is time barred. Defendants argue that plaintiffs must have discovered a problem with the mechanic's lien when served in the prior suit with a motion to reduce the lien, and that in any event, at the latest, by July 16, 1987, when the plaintiffs' lien was actually reduced, plaintiffs could be deemed to have discovered the defect in their mechanic's lien. Defendants further argue that the plaintiffs' cause of action under the Consumer Fraud Act clearly does not commence on March 16, 1989, when the motion for reconsideration in the previous suit was denied.

Plaintiffs argue that the question of whether the cause of action accrued in 1987 or 1989 is a factual question which cannot be reached by a section 2—619 motion. Plaintiffs argue that from July 16, 1987, to March 16, 1989, while the previous case was still pending, plaintiffs could not have known whether they suffered a legal harm or not because on March 16, 1989, the trial judge could have: (1) held that the July 16, 1987, order was erroneous and reversed the ruling; or (2) affirmed the July 16, 1987, order which would result in a final loss to plaintiffs at the trial level.

Although in most cases the time at which an injured party knows or reasonably should have known both of his injury and that it was wrongfully caused will be a disputed question to be resolved by the finder of fact, where it is apparent from the undisputed facts that only one conclusion can be drawn, the question becomes one for the court. (*Witherell v. Weimer* (1981), 85 Ill. 2d 146, 156, 421 N.E.2d 869, 874.) We believe that it is apparent from the face of the complaint in this case that only one conclusion can be drawn as to when the plaintiffs reasonably should have known of their injury and that it was wrongfully caused and, accordingly, find that the question is one for this court to resolve.

In support of their contention that the plaintiffs' cause of action does not commence on the date the motion for reconsideration was denied, defendants cite *Zupan v. Berman* (1986), 142 Ill. App. 3d 396, 491 N.E.2d 1349, which states:

> "In the present case, plaintiff asserts that because the damages determined by the trial court were subject to possible reversal in whole or in part as a result of either the post-trial motions or the

appeal, she could not have known with certainty what damages, if any, she incurred at the time judgment was entered by the trial court. Thus, plaintiff argues that her cause of action against defendant could not accrue until all avenues of appeal had been exhausted. We disagree. As stated by the Illinois Supreme Court in *West American Insurance Co. v. Sal E. Lobianco & Son Co.* (1977), 69 Ill. 2d 126, 132, 370 N.E.2d 804, '[W]here the tort arises out of a contractual relationship ***, [the statute of limitations] [c]ommences at the time of the breach of duty, not when the damage is sustained. [Citation.] The principal reason is that the breach itself is actionable.' " (*Zupan*, 142 Ill. App. 3d at 398-99, 491 N.E.2d at 1351, quoting *West American Insurance Co. v. Sal E. Lobianco & Son Co.* (1997), 69 Ill. 2d 126, 132.)

Thus defendants maintain that the date when the motion for reconsideration was denied is an inappropriate date from which an action under the Consumer Fraud Act commences. Following the reasoning in *Zupan*, we must agree. (See also *Belden v. Emmerman* (1990), 203 Ill. App. 3d 265, 270, 560 N.E.2d 1180.) On July 16, 1987, plaintiffs were aware that a trial court had reduced their mechanic's lien by approximately $76,000 or over 80%; clearly, at that time, the plaintiffs should have known that they had been injured by the defendants' actions. Even if the trial court in the previous case would have reversed its ruling on the motion for rehearing, the only difference would have been the amount of damage sustained. Regardless of the amount of damages, the plaintiffs had already incurred damages in defending the suit to reduce the lien. "The discovery rule may be employed where 'uncertainty exists as to the fact of damage' but not where uncertainty exists only as to the amount of damage." *Belden*, 203 Ill. App. 3d at 270, quoting *Jackson Jordan, Inc. v. Leydig, Voit & Mayer* (1990), 199 Ill. App. 3d 728, 734, 557 N.E.2d 525.

■ We believe it is apparent from the face of the complaint that, on July 16, 1987, the plaintiffs knew or reasonably should have known that they were injured and that the injury was wrongfully caused by the defendants. Although the discovery rule has been applied to the Consumer Fraud Act, we must follow the holding in *Van Gessel v. Folds* (1991), 210 Ill. App. 3d 403, 407-08, 569 N.E.2d 141, wherein this court found the discovery rule inapplicable when the plaintiff discovers his cause of action or injuries within the limitations period and still has a reasonable period of time in which to file suit. In the present case, plaintiffs received the adverse ruling reducing the lien six months before the normal statute of limitations expired. We find that the consumer fraud count is time barred.

Finally, we note, although we have followed the precedent set by

this court in *Van Gessel,* we have found other cases by other districts of the appellate court as well as other divisions of the first district of this court that have applied the discovery rule without regard to the holding in *Van Gessel.* However, as *Van Gessel* was decided by the first district, fifth division, we cannot ignore its holding and must follow the decision of this court.

Accordingly, for all the reasons set forth above we reverse the decision of the trial court denying the defendants' motion to dismiss the complaint based on the statute of limitations.

Reversed.

GORDON, P.J., and McNULTY, J., concur.