**MIDLAND MANAGEMENT CORPORATION, a Minnesota Corporation, Plaintiff,**

v.

**COMPUTER CONSOLES INCORPORATED, a Delaware Corporation, Defendant.**

No. 87 C 0971.

United States District Court, N.D. Illinois, E.D.

Oct. 20, 1993.

## MEMORANDUM ORDER.

POSNER, Chief Circuit Judge (sitting by designation).

Before me is CCI's request that I reconsider the rulings I made in one of my two memorandum orders of August 16, 1993. In the order at issue, I concluded that Midland should prevail on its claim under the Illinois Consumer Fraud Act to the extent that it was based upon fraud under the 1982 software license and 1984 hardware purchase agreements. And having concluded that Midland was entitled to prevail on this claim, I chose to award it attorney's fees.

■ CCI challenges these rulings primarily on the ground that Midland's claim for consumer fraud relating to the 1982 software license agreement was time-barred under the statute of limitations. A CFA claim must be brought within three years of the date on which it accrues, 815 ILCS 505/10a(e), and a CFA claim accrues, like many other Illinois causes of action, on the date when the plaintiff "knows or reasonably should know of his injury and also knows or reasonably should know that it was wrongfully caused." *Knox College v. Celotex Corp.*, 88 Ill.2d 407, 58 Ill.Dec. 725, 729, 430 N.E.2d 976, 980 (1982). See also *Bradley v. Alpine Const. Co.*, 224 Ill.App.3d 432, 166 Ill.Dec. 695, 697, 586 N.E.2d 653, 655 (1991). The parties agree that Midland discovered the fraud in June 1985. So it would seem clear that the suit would have been barred only if it had been filed after June 1988. Midland filed suit in February 1987.

But CCI argues now, as it did before, that Illinois courts recognize an exception to the "discovery rule" when a "plaintiff discovers a CFA violation within the limitations period and still has a reasonable time in which to file suit." According to CCI, the 1982 software fraud, though undiscovered, was complete in December 1982 (the date of the license), and the limitations period began to run on this date. If I were to apply this purported exception, Midland's suit with respect to the 1982 license would be untimely, for Midland had a reasonable amount of time—six months—in which to file its suit before this alternative limitations period, one

heedless of the discovery rule enunciated in *Knox College,* lapsed in December 1985.

The cases CCI cites in support do indeed reveal Illinois courts to have applied this exception in CFA cases at least twice, *Van Gessel v. Folds,* 210 Ill.App.3d 403, 155 Ill. Dec. 141, 144, 569 N.E.2d 141, 144 (1991); *Hermitage Corp. v. Contractors Adjustment Co.,* 189 Ill.Dec. 852, 620 N.E.2d 1169 (Ill. App.1993), the second time in a decision that cast considerable doubt on the exception's vitality. The absurdity of the exception is clear. Its only effect is to penalize plaintiffs who discover their CFA causes of action sooner rather than later. For had Midland discovered the fraud in January 1986, rather than June 1985, CCI would not be invoking *Van Gessel.* I strongly doubt that the Illinois Supreme Court would follow *Van Gessel,* and I decline to follow it. *Eljer Manufacturing, Inc., v. Liberty Mutual Ins. Co.,* 972 F.2d 805, 814 (7th Cir.1992)

[2, 3] I am, of course, bound by the Illinois Supreme Court precedent that the *Van Gessel* court thought it was applying when it formulated its exception to the discovery rule: *Anderson v. Wagner,* 79 Ill.2d 295, 37 Ill.Dec. 558, 570–71, 402 N.E.2d 560, 572–73 (1980). *Anderson,* however, applied a rule very different from the one formulated in *Van Gessel.* In *Anderson,* the Illinois Supreme Court held that a plaintiff cannot invoke the "fraudulent concealment" tolling provision to lengthen an "applicable statute of limitations" if the plaintiff discovers the fraudulent concealment in time to meet the untolled filing deadline. In other words, the fraudulent concealment tolling provision cannot be invoked unless concealment proximately causes a plaintiff to miss the deadline imposed by the otherwise applicable limitations period. See *McCool v. Strata Oil Co.,* 972 F.2d 1452, 1461 n. 8 (7th Cir.1992). Here however, Midland does not invoke the fraudulent concealment statute to toll an otherwise applicable provision. The only applicable provision is the one contained in the CFA and construed in light of *Knox College v. Celotex Corp.,* 88 Ill.2d 407, 58 Ill.Dec. 725, 729, 430 N.E.2d 976, 980 (1982) and *Bradley v. Alpine Const. Co.,* 224 Ill.App.3d 432, 166

Ill.Dec. 695, 697, 586 N.E.2d 653, 655 (1991). Midland does not seek to lengthen the three-year period that commenced when Midland discovered the fraud. It seeks only to take full advantage of it. Nothing in *Anderson* authorizes courts to shorten an "applicable statute of limitation", which is what the *Van Gessel* court did and what CCI urges me to do.

*Anderson* would have some application if the CFA's statute of limitation read "No action shall be brought more than three years after the misrepresentations occurred." If this were the applicable statute Midland, to make out a claim under the 1982 software license agreement, would have to invoke some tolling provision, such as the one for fraudulent concealment. In such a case, the holding of *Anderson* would be binding because Midland would be attempting to lengthen an otherwise applicable limitation period. But here the only applicable period is one that need not be lengthened to be satisfied.

■ It remains only to consider CCI's suggestion that I abused my discretion in awarding Midland attorney's fees. About this suggestion, I need say little other than what I said in my August 16 order. The little I need say is that I do not understand CCI's argument that Midland should not be "given the benefit of an assumption [that the jury might have awarded higher punitives if Midland had introduced evidence of its attorney's fees since Midland] fail[ed] to seek to introduce any such evidence." CCI Brief at 5 and n. 3. At the outset of the trial, Midland had a choice. It could seek to introduce evidence of litigation expenses and ask the jury to consider them in its assessment of punitive damages, or forgo a request to the jury and make one later to me in the hope that I would find a violation of the CFA. Midland chose the latter course. Had it chosen the former, there was a real possibility that the jury would have refused to award Midland any punitives and that I, for the reasons given in my August 16 order, would have refused to award fees as well. Hence I do not understand how the reasoning of my order gave Midland the "benefit" of an as-

sumption. Midland took a risk ex ante that paid off ex post.

The motion for reconsideration is denied.

SO ORDERED.